James R. Fry, Jarvis, Grisham, Sanders, Hagood, Emerson & Fry, Sherman, for appellant.

Jack G. Kennedy, Kennedy, Minshew, Evans, Campbell & Cain, Sherman, for appellees.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

Plaintiff Britt sued his former employer, Sherman Foundry, and others for damages under the Texas Worker's Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8307c, because he was discharged after he was injured on the job. The trial court granted summary judgment for defendants on the pleadings. Plaintiff contends on appeal that the trial court erred in granting summary judgment because article 8307c applies to non–subscribers such as defendant, as well as subscribers, and because a fact issue is presented as to whether plaintiff had instituted proceedings under the Worker's Compensation Act prior to his termination. We affirm because plaintiff's petition does not allege the filing of a claim or institution of proceedings under the Act and therefore plaintiff's case does not come within article 8307c.

The petition alleges that during the time he was employed by defendants he was injured on the job, that the injury was reported to plaintiff's fellow employees and to his supervisor, that defendants discharged plaintiff approximately two weeks after he was injured, and that at no time relevant to this cause did defendants carry Worker's Compensation insurance. Section 1 of article 8307c states:

> No person may discharge or in any other manner discriminate against any employ-

**Don BRITT, Appellant,**

v.

**SHERMAN FOUNDRY et al., Appellees.**

No. 20428.

Court of Civil Appeals of Texas, Dallas.

Nov. 7, 1980.

Rehearing Denied Dec. 11, 1980.

ee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Defendants argue that article 8307c does not apply to plaintiff's case because plaintiff did not file a claim, hire an attorney, or institute any action under the Worker's Compensation laws until after he was discharged. Plaintiff responds by citing *Texas Steel Company v. Douglas*, 533 S.W.2d 111 (Tex. Civ. App.–Fort Worth 1976, writ ref'd n.r.e.) for the proposition that his action in telling his fellow employees and supervisor of the injury was the institution of proceedings under the Worker's Compensation Act.

Plaintiff's reliance on *Texas Steel Company v. Douglas, supra,* is misplaced. In that case the employee was covered by compensation insurance and the court stated:

> The Legislature's purpose in enacting Art. 8307c, V.A.T.S., was to protect persons who are entitled to benefits under the Workmen's Compensation Law and to prevent them from being discharged by reason of taking steps to collect such benefits.

In the case before us, plaintiff has never been entitled to insurance benefits under the Act. Any remedy he has for injury is the common law remedy. Plaintiff does not now and never has claimed he is entitled to compensation benefits. In such a case the giving of notice to fellow employees and the supervisor is not the institution of proceedings under the Act.

Since plaintiff has not alleged that his discharge was due to one of the circumstances listed in article 8307c, the trial court was correct in granting summary judgment for defendants. Having concluded that plaintiff's cause of action as alleged does not come within article 8307c we do not reach the question of and express no opinion as to whether article 8307c covers both subscriber and non–subscriber employers.

Affirmed.