Elizabeth **HODGE**, Appellant,

v.

**BSB INVESTMENTS, INC.,** Appellee.

No. 05–89–00209–CV.

Court of Appeals of Texas, Dallas.

Jan. 3, 1990.

Rehearing Denied Feb. 2, 1990.

---

Marvin Menaker, Dallas, for appellant.

John M. Weaver, Dallas, for appellee.

Before HOWELL, ROWE and KINKEADE, JJ.

## OPINION

KINKEADE, Justice.

Elizabeth Hodge appeals the granting of summary judgment in favor of BSB Investments, Inc. in this wrongful discharge action filed pursuant to the Texas Workers' Compensation Act. Hodge argues that the trial court erred in granting BSB's motion for summary judgment because an employee of a nonsubscriber employer is protected from wrongful discharge by the Texas Workers' Compensation Act. *See* TEX.REV. CIV.STAT.ANN. art. 8307c (Vernon Pamph. Supp.1990). Because BSB failed to establish as a matter of law that Hodge did not file a claim in good faith under the Texas Workers' Compensation Act, we reverse and remand for further proceedings.

## FACTS

■ When determining the correctness of a court's ruling on a motion for summary judgment, the reviewing court must accept as true the nonmovant's version of the facts and the court must make every reasonable inference in the nonmovant's favor.

*Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). On June 10, 1988, Hodge, an employee of BSB, was injured within the course and scope of her employment. At the time of Hodge's injury, BSB was a nonsubscriber under the Texas Workers' Compensation Act. Subsequently, Hodge hired an attorney to represent her interests and filed a claim for workers' compensation benefits with the Industrial Accident Board. On July 12, 1988, BSB terminated Hodge. Hodge alleged that the termination directly resulted from her filing of the claim and the hiring of an attorney to represent her interests.

## SUMMARY JUDGMENT

Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a. On appeal, the court determines whether the summary judgment proof establishes as a matter of law that no genuine issue of fact remains as to an essential element of Hodge's wrongful discharge action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party his right to a full hearing on the merits of any real issue of fact. *Gulbenkian,* 252 S.W.2d at 931.

## BSB's MOTION FOR SUMMARY JUDGMENT

To prevail on its motion for summary judgment, BSB must show as a matter of law that no material issue of fact exists as to Hodge's cause of action. *See Arnold v. Nat'l County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). BSB may accomplish this by providing summary judgment evidence which disproves at least one element of Hodge's cause of action. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex. 1979). In support of its motion for summary judgment, BSB relied on its pleadings and the affidavit of Gary Brown.

312 ■

## Workers' Compensation Act

The legislature in enacting the Workers' Compensation Act sought to benefit and protect injured employees, and to expedite the settlement of meritorious claims. *Stott v. Texas Employers Ins. Ass'n*, 645 S.W.2d 778, 780 (Tex.1983); *Ryan v. Travelers Ins. Co.*, 715 S.W.2d 172, 175 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The courts have encouraged a liberal construction of the Workers' Compensation Act so as to effectuate the Act's beneficent purposes. *Ward v. Charter Oak Fire Ins. Co.*, 579 S.W.2d 909, 910 (Tex.1979). An elementary rule of construction requires a court to construe all of the provisions of a statute together so that, whenever possible, the provisions may act in harmony. *Ryan*, 715 S.W.2d at 175.

■ A Texas employer may operate lawfully without being a subscriber under the Workers' Compensation Act. *Garrett v. Texas Employers Ins. Ass'n*, 226 S.W.2d 663, 665 (Tex.App.—San Antonio 1950, writ ref'd). However, the Act's coverage extends to the non-subscribing employer and his employees. The Act covers three types of employers and employees. First, some provisions of the Act refer solely to the subscribing employer and his employees. *See* TEX.REV.CIV.STAT.ANN. art. 8306, § 3a; art. 8306, § 3b (Vernon 1967). Second, some provisions of the Act refer solely to the nonsubscribing employer and his employees. *See* TEX.REV.CIV.STAT. ANN. art. 8306, § 4 (Vernon 1967). Third, some provisions of the Act refer generally to employers and employees without reference to the employer's subscription status. *See* TEX.REV.CIV.STAT.ANN. art. 8309, § 1 (Vernon 1967).

■ The article under which Hodge seeks recovery, article 8307c, section 1, provides:

**Protection of claimants from discrimination by employers; remedies; jurisdiction**

Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act [1], or has testified or is about to testify in any such proceeding.

Tex.Rev.Civ.Stat.Ann. art. 8307c, § 1. Article 8307c refers to employers as persons and to employees generally. The use of the broad term "person" by the legislature indicates a purposeful intent not to limit the statute to any one class of employers. To date, no Texas state court has determined the applicability of article 8307c to the employees of nonsubscribers. Although unclear from her pleadings which action occurred first, Hodge alleged that she both timely and in good faith filed a claim for workers' compensation benefits with the Industrial Accident Board of the State of Texas and engaged the services of counsel to represent her in this claim. Subsequently, BSB terminated Hodge.

BSB contends that the legislature never intended article 8307c to apply to employees of nonsubscribers. To support this contention BSB relies on two cases, *Texas Steel Co. v. Douglas*, 533 S.W.2d 111 (Tex.App.—Fort Worth 1976, writ ref'd n.r.e.), and *Britt v. Sherman Foundry*, 608 S.W.2d 338 (Tex.App.—Dallas 1980, writ ref'd n.r.e.). Neither case, however, renders the support that BSB seeks.

*Texas Steel* involved an employee of a subscribing employer. The employee suffered an on-the-job injury and received compensation for the injury. The employer then fired the employee, and the employee alleged wrongful termination pursuant to article 8307c. The employer alleged that the employee was not entitled to the protection offered under article 8307c because he had never filed a claim for compensation.

1. The term "workmen's compensation" shall hereafter be known as "workers' compensation," and references to "workmen's compensation" in the statutes of this state shall be changed to "workers' compensation" when sections of those laws are being amended for any purpose. TEX. REV.CIV.STAT.ANN. art. 8306b, § 1 (Vernon Supp. 1990). Article 8307c, section 1 has not been amended.

The court, however, stated that article 8307c sought to protect persons entitled to *benefits* under the Workers' Compensation Act and to prevent these persons from being discharged for taking steps to secure those *benefits*. The court further stated that the article's protection extended beyond claims for compensation. *Texas Steel*, 533 S.W.2d at 115. This analysis rebuts rather than supports BSB's contention. Although the Act does not provide Hodge, the employee of a nonsubscriber, compensation for her injury, it does entitle her to certain benefits. The act prevents her *employer from using common law defenses* against her. TEX.REV.CIV.STAT.ANN. art. 8306, § 1 (Vernon 1967). Accordingly, article 8307c applies to Hodge.

*Sherman Foundry*, the other case BSB cites, also rebuts BSB's contention that article 8307c does not apply to employees of nonsubscribers. That case involved the employee of a nonsubscriber. The employee failed to take the steps necessary to bring him under the protection of article 8307c. The court stated that the Act did not entitle employees of nonsubscribers to *insurance* benefits. The court, however, failed to address the employee's entitlement to other benefits under the Act. The court specifically declined to reach or express an opinion as to whether article 8307c covers both employees of subscribers and nonsubscribers. *Sherman Foundry*, 608 S.W.2d at 339.

We conclude that article 8307c applies equally to employees of subscribers and nonsubscribers. Accordingly, a claim against a nonsubscribing employer constitutes a claim under the Workers' Compensation Act within the meaning of article 8307c.

### Good Faith

■ At oral argument, BSB asserted that as a matter of law Hodge demonstrated a lack of good faith when she filed a worker's compensation claim with the Industrial Accident Board against a nonsubscriber employer. Further, BSB argued that Hodge should be conclusively deemed to have notice of the fact that BSB was a nonsubscriber. *See McDonald v. Sabayrac Battery Assocs., Inc.*, 620 S.W.2d 850, 852 (Tex.App.—Houston [14th Dist.] 1981, no writ). *McDonald* does not state the proposition asserted by BSB. *McDonald* states that an employee shall be conclusively deemed to have notice only when the employer is in fact a *subscriber* and notifies the Industrial Accident Board of that fact. *Id.* at 852 citing TEX.REV.CIV.STAT. ANN. art. 8306, § 3c (Vernon 1964). We decline to interpret *McDonald* to stand for BSB's proposition that an employee shall be conclusively deemed to have notice when the employer is a nonsubscriber. Because BSB's summary judgment proof fails to establish as a matter of law that Hodge did not file her claim in good faith under the Texas Workers' Compensation Act, we reverse and remand for further proceedings.