851 F.Supp. 804 (1993)
Walter MILLS, Plaintiff,
v.
The INJURY BENEFITS PLAN OF SCHEPPS-FOREMOST, INC., et al., Defendants.
Civ. A. No. 3:93-CV-0171-G.
United States District Court, N.D. Texas, Dallas Division.
August 31, 1993.
*805 Raymond Glynn Wheless, Wheless & Walker, Plano, TX, for plaintiff.
Alan Gary Thompson, Mark Barnett French, McDonald Sanders, Fort Worth, TX, for Injury Benefits Plan of Schepps-Foremost, Inc. and Southern Foods, Inc. and Schepps-Foremost, Inc.

MEMORANDUM ORDER
FISH, District Judge.
This case is before the court on the motion of defendants, the Injury Benefits Plan of Schepps-Foremost, Inc. and Southern Foods, Inc. ("the Plan") and Schepps-Foremost, Inc., d/b/a Oak Farms Dairies ("Oak Farms"), to dismiss the plaintiff's claims against them and on the motion of the plaintiff, Walter Mills ("Mills"), to remand or dismiss this case. For the reasons stated below, defendants' motion to dismiss is granted in part and denied in part and, with respect to the claims remaining, Mills' motion to *806 remand this case to the County Court at Law Number 5 of Dallas County, Texas is granted.

I. BACKGROUND

On July 15, 1992, Mills was injured in the course of his employment when he slipped and fell while making a delivery of milk to a 7-11 Store on Oak Street in Denton, Texas. At that time Mills was employed by Schepps-Foremost, Inc., d/b/a Oak Farms Dairy.
On the date of his injury, Mills was covered by the "Injury Benefits Plan" ("the Plan") created and maintained by his employer for the benefit of Schepps-Foremost, Inc. employees. The Plan provides eligible employees medical and wage continuation benefits if an employee sustains an on-the-job injury and complies with certain conditions. One of the Plan's requirements is that the employee must report the incident which resulted in the on-the-job injury within twenty-four hours of its occurrence.
Within twenty-four hours of the incident causing his injuries, Mills reported the incident to his immediate supervisor, Robert Binion, and filled out an "Employee Injury Report." Robert Binion also filled out a "Supervisor's Report of Accident." These reports were then forwarded to Pamela Bush, the Plan Administrator acting on behalf of the Plan and Oak Farms.
On December 28, 1992, Mills filed this civil action in the County Court at Law Number 5 of Dallas County, Texas. Defendants then removed the case to this court on the ground that Mills had pleaded a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Mills subsequently filed a first amended complaint explicitly stating claims under ERISA and under Tex.Rev.Civ.Stat.Ann. Art. 8307c (Vernon Supp.1993) ("Article 8307c"). However, Mills' second amended complaint, filed July 15, 1993, dismissed any claim for benefits under ERISA. Accordingly, only Mills' claims under Article 8307c remain before the court.
Mills' complaint alleges that defendants wrongfully terminated his employment in retaliation for having filed a workers' compensation claim pursuant to Article 8307c. Defendants' present motion maintains that Mills' claim against the Plan is preempted by ERISA. Further, defendants contend Mills has failed to state a claim against Oak Farms. Accordingly, defendants seek dismissal of Mills' claims against both the Plan and Oak Farms.[1]

II. ANALYSIS

A complaint need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a). Rule 8(a) does not require factual pleading; plaintiffs may proffer general pleadings and defendants may discover the precise factual basis for the claims through liberal pretrial discovery procedures. Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir.1985). A motion under Rule 12(b)(6) should be granted only when it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The court must accept as true all well-pleaded facts in the complaint and construe the complaint liberally in favor of the plaintiffs. Abdul-Alim Amin v. Universal Life Insurance Company of Memphis, Tennessee, 706 F.2d 638, 640 (5th Cir.1983). A court should give the plaintiffs an opportunity to amend their complaint rather than dismiss if it appears that a more carefully drafted complaint might state a claim upon which relief may be granted. Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir.1985). See also Dussouy v. Gulf Coast Investment Corporation, 660 F.2d 594, 604 (5th Cir.1981); Sarter v. Mays, 491 F.2d 675, 676 (5th Cir.1974).

A. The Plan

When state law claims relate to an employee benefit plan, ERISA preempts *807 those claims unless they fall within the "savings clause," 29 U.S.C. § 1144(b)(2), excepting causes of action asserted under statutes regulating the business of insurance. Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551-52, 95 L.Ed.2d 39 (1987). A state law "relates to" an employee benefit plan if it has a connection with or reference to such a plan. Metropolitan Life Insurance Company v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388-89, 85 L.Ed.2d 728 (1985); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-2900, 77 L.Ed.2d 490 (1983). Further, a state law relating to a plan is preempted, "even if the law is not specifically designed to affect such plans, or the effect is only indirect." Ingersoll-Rand Company v. McClendon, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990). The United States Supreme Court has held that the provisions of a workers' compensation act are preempted to the extent they relate to ERISA plans. District of Columbia v. Greater Washington Board of Trade, ___ U.S. ___, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992).
It is unclear exactly how Mills contends that the Plan violates Article 8307c. However, because any claim by Mills against the Plan under Article 8307c will have a direct effect on the Plan, it is preempted by ERISA. Accordingly, Mills' Article 8307c claim against the Plan must be dismissed.

B. Claim Against Oak Farms

Article 8307c prohibits discrimination by employers against employees who file workers' compensation claims. Defendants contend that Mills has failed to state a claim against Oak Farms under Article 8307c because (1) Oak Farms is a non-subscriber to workers' compensation insurance, and (2) Mills has not alleged that he has filed a claim or has instituted a proceeding under the Texas Workers' Compensation Act.[2]
The provisions of Article 8307c apply to all employers, whether or not they actually subscribe to workers' compensation insurance. Hodge v. BSB Investments, Inc., 783 S.W.2d 310, 312-13 (Tex.App.  Dallas 1990, writ denied). "The legislative purpose of article 8307c is to `protect persons who are entitled to benefits under the Worker's [sic] Compensation Law and to prevent them from being discharged by reason of taking steps to collect such benefits.'" Hunt v. Van Der Horst Corporation, 711 S.W.2d 77, 80 (Tex.App.  Dallas 1986, no writ) (citations omitted).
Article 8307c may apply to a situation where an employee was fired before filing his claim for compensation. Hunt, 711 S.W.2d at 80. Evidence that an employee notified his employer of his injury and filed a report of the injury with the company, constitutes "instituting a proceeding" under the Workers' Compensation Act. Mid-South Bottling Company v. Cigainero, 799 S.W.2d 385, 389 (Tex.App.  Texarkana 1990, writ denied).
In this case, Mills avers that he notified his employer of his injury and filled out the company's "Employee Injury Report". Accordingly, he has taken sufficient steps to initiate a claim to come under the protection of Article 8307c. Moreover, because Mills maintains that he was discharged for taking steps to collect his benefits, he has stated a claim against Oak Farms under Article 8307c. Conley v. Gibson, above, 355 U.S. at 45-46, 78 S.Ct. at 101-02.

C. Subject Matter Jurisdiction

Defendants removed this case from state to federal court on the ground that Mills' claims arose under the federal law of ERISA. However, Mills' intentionally omitted any claim under ERISA in his second amended complaint. Moreover, the court has concluded above that Mills' Article 8307c claim against the Plan is preempted by ERISA and must be dismissed. Thus, only Mills' Article 8307c claim against Oak Farms remains.
Diversity jurisdiction is not alleged by either plaintiff or defendants. Additionally, federal law is no longer involved in the suit *808 as Mills omitted his ERISA claim in his second amended complaint and Mills' remaining claim against Oak Farms, under Article 8307c, is purely a state law cause of action.
In the exercise of its discretion, the court concludes that this claim should be remanded to the County Court at Law Number 5 of Dallas County, Texas. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (district court has discretion to remand pendent claims in removed case after deletion of federal claim).

III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part. With respect to Mills' Article 8307c claim against Oak Farms, Mills' motion to remand is GRANTED, and that part of the case is REMANDED to the County Court at Law Number 5 of Dallas County, Texas.
The clerk shall mail a certified copy of this order to the County Clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).
SO ORDERED.

JUDGMENT
In accordance with F.R.Civ.P. 58 and the memorandum order of this date, it is ORDERED that plaintiff's claims against defendant Injury Benefits Plan are DISMISSED and that his claims under Tex.Rev.Civ.Stat. Ann. Art. 8307c (Vernon Supp.1993) against defendant Schepps-Foremost, Inc. are REMANDED to the County Court at Law Number 5 of Dallas County, Texas.
NOTES
[1] Although defendants do not specify, the court assumes that the motion to dismiss is brought pursuant to Fed.R.Civ.P. 12(b)(6).
[2] An employee's claim against a former employer alleging retaliation and discharge under Tex.Rev. Civ.Stat. Art. 8307c is not preempted by ERISA. Addison v. Sedco Forex, U.S.A., 798 F.Supp. 1273, 1278-79 (N.D.Tex.1992).