TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00714-CV







Joyce Stratton, Appellant



v.



Austin Independent School District; and Michael Moses, Commissioner


of Education, in His Official Capacity, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 97-08795, HONORABLE JOSEPH H. HART, JUDGE PRESIDING








 Joyce Stratton ("Stratton"), an Austin teacher, appeals the district court's
affirmance of an administrative decision by the Austin Independent School District Board of
Trustees (the "Board") and Michael Moses, the Commissioner of Education (the
"Commissioner"), to not renew her one-year term teaching contract. The district court affirmed
the Commissioner's decision (1) that Stratton's one-year term contract did not create a property
interest subject to due process protection; (2) that even if she had a property interest, she did
receive due process; and (3) that substantial evidence supports the Commissioner's affirmance to
not renew her contract. We will affirm the district court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND Stratton had worked for Govalle Elementary School since the 1977-78 school year. 
Most recently she worked under a one-year term contract that expired May 21, 1997. Due to
deficiencies in instructional strategies and classroom management, Stratton was first placed on a
growth plan for the 1988-89 school year. A growth plan is a remedial measure used to help a
teacher improve her skills and performance in areas where she lacks competency. The principal
found no reasons to place Stratton on a growth plan again until 1995. At the beginning of the
1995-96 school year, Principal Consuelo Barr placed Stratton on another growth plan for
deficiencies in her performance. On March 21, 1996, Stratton failed to arrive to teach her class;
the principal had to send someone to Stratton's house to check on her well-being. The substitute
teacher could not find Stratton's roll book, class schedule, substitute-teacher folder, or lesson
plan. The students appeared unaware of any classroom routine and did not appear to be working
in any assigned textbook. Twice that spring Stratton arrived late without timely notifying school
officials. Barr strongly suggested that Stratton take two weeks of personal leave to deal with the
issues that were distracting Stratton from her teaching duties. Reluctantly, Stratton did so. In
fact, Barr recommended that Stratton take personal leave for the remainder of the school year, but
Stratton refused this suggestion.

 For the 1996-97 school year, Barr again assigned Stratton a revised growth plan
and took the additional measure of assigning her to a team-teaching position to assist her in
improving her instructional and organizational skills. Stratton continued to exhibit performance
problems. In February 1997, after Stratton received a performance appraisal of "unsatisfactory,"
Barr recommended to the superintendent of the Austin Independent School District ("AISD") that
Stratton's contract not be renewed due to (1) inefficiency and incompetency in the performance
of her duties; (2) failure to comply with official directives from administrative personnel and
policy of the district; and (3) failure to meet the requirements of her professional growth plan.

 Barr's recommendation did not come as a surprise to AISD officials, as Stratton
had had serious performance problems during the final two years of her employment. The
Executive Director of Department Personnel, Alfred Williams, acting as the superintendent's
designee, informed Stratton of her right to meet with him to discuss the possibility that her
contract would not be renewed. Stratton met with Williams on February 20, 1997. After this
meeting, the superintendent recommended to the Board that Stratton's contract not be renewed. 
The Board voted on February 24 to propose nonrenewal in Stratton's case. The superintendent,
in a letter dated March 17, informed Stratton that he recommended to the Board that her contract
not be renewed and that she had a right to request a hearing before the Board. Stratton did so.

 The Board hearing was set for May 1. Before the hearing, AISD provided Stratton
with the grounds for the proposed nonrenewal. Without consulting the parties, the Board
informed Stratton and the AISD administration that each had one hour to make opening and
closing statements, present and cross-examine witnesses, and introduce evidence and that they
could submit briefs, memoranda, and documentary evidence for the Board's consideration. At
the beginning of the hearing, Stratton protested the one-hour limitation; specifically, she objected
to the failure to subtract opening remarks and cross-examination from the time allotted for her
presentation.

 After stating her objection to the time limit, Stratton began with her opening
statement; AISD waived its opening. AISD then began presenting its four witnesses. During
Stratton's cross-examination of AISD's second witness, her one hour expired. She never had the
opportunity to present her case, in person, before the Board. As soon as her one hour expired,
she requested more time. The Board denied this request. Stratton used her allotted one hour
towards cross-examining the opposing party's witnesses and making her opening statement. 
AISD, on the other hand, managed to present its entire case within one hour. At the close of the
hearing, the Board decided not to renew Stratton's contract.

 Stratton appealed this decision to the Commissioner, claiming that (1) her contract
gave her a property interest, subject to due process protection; (2) the Board violated her due
process; and (3) the Board's decision was not supported by substantial evidence. After reviewing
the case, the Commissioner upheld the Board's decision not to renew Stratton's contract. Stratton
sought judicial review of the Commissioner's decision in the district court. The district court
affirmed the Commissioner's decision.


DISCUSSION

 Stratton raises three issues on appeal. First she argues that the Board violated her
due process rights. Second, Stratton argues that the decision not to renew her contract was not
supported by substantial evidence and was arbitrary, capricious, and unlawful. In her final
argument, Stratton urges that the Commissioner violated section 21.304(a) of the Texas Education
Code ("Education Code") by failing to make Findings of Fact in support of his Conclusions of
Law. See Tex. Educ. Code Ann. § 21.304(a) (West 1996).


Due Process

 Stratton argues that the Term Contract Nonrenewal Act ("TCNA"), codified by the 
Education Code, creates a property interest in the renewal of teacher's contracts, thereby granting
her the protection of due process. See Tex. Educ. Code Ann. §§ 21.201-.213 (West 1996). 
Claiming that her contract vests her with a protected property interest, she urges that the one-hour
time limit in the administrative hearing violated her due process rights. She specifically argues
that by limiting the time without first holding a conference with the parties, the Board violated the
local AISD policy and thereby denied her due process. See AISD Board Policy DDA (Local),
§ XV(H).

 The due process clause of the Fourteenth Amendment to the United States
Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property,
without due process of law." U.S. Const. amend. XIV. Absent life, liberty, or property interest,
no right to due process exists. See Moore v. Mississippi Valley State Univ., 871 F.2d 545,548
(5th Cir. 1989). A person's property interests include actual ownership of real estate, chattels,
and money. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 572 (1972). Property
rights are created and their dimensions defined by existing rules or understandings stemming from
independent sources such as state law. See Roth, 408 U.S. at 577; Paul v. Davis, 424 U.S. 693,
711-12 (1976) (stating that courts refer to state law in assessing whether property interest exists);
see also Bishop v. Wood, 426 U.S. 341, 344-46 (1976) (holding that state law determines which
state-created interests constitute property). An individual's property interest is protected if he has
a legitimate claim of entitlement that is created, supported, or secured by rules or mutually
explicit understandings. See Alford v. City of Dallas, 783 S.W.2d 312, 316 (Tex. App.--Dallas
1987, no writ); see also Spring Branch Indep. Sch. Dist. v. Stamos, 695 S.W.2d 556, 561 (Tex.
1985) (noting that a property or liberty interest must find its origin in some aspect of state law). 

 In a 1993 case, the Texas Supreme Court held that the TCNA requires pre-established reasons for the nonrenewal of a teaching contract and that this substantive limit on the
State's discretion is an essential characteristic of a property interest warranting constitutional
protection. See Grounds v. Tolar Indep. Sch. Dist., 856 S.W.2d 417, 418 (Tex. 1993). In 1995,
however, the Texas legislature enacted section 21.204(e) of the Education Code, stating
specifically that the TCNA does not provide a property interest in a contract beyond its term. See
Tex. Educ. Code Ann. § 21.204(e) (West 1996). The language in section 21.204(e) supersedes
the holding in Grounds. Stratton has no property interest under Texas law.

 Stratton complains that by setting a time limitation without first conferring with the
parties and by deducting cross-examination from that time, the Board denied her the process she
was due. See AISD Board Policy DDA (Local), § XV(H). An agency's failure to follow its own
procedural rules governing employment will not create a property interest which otherwise does
not exist. See Alford, 783 S.W.2d at 316. Under section 21.204(e) of the Education Code,
Stratton has no protected property interest in her term contract. See Tex. Educ. Code Ann.
§ 21.204(e). Because Stratton has no protected property interest under state law and because an
agency's failure to follow local policy vests no property interest, no right to due process exists. 
See Moore, 871 S.W.2d at 548. Nevertheless, a one-hour limitation on presenting evidence to
preserve one's livelihood offends traditional notions of fairness. We sympathize with her
complaint and disapprove of the Board limiting the parties' presentation so severely that the
affected teacher was not permitted to present her side for the Board's consideration. (1) Under these
circumstances, however, we overrule her first issue.


Substantial Evidence

 In conducting a substantial-evidence review, we determine whether the evidence
as a whole is such that reasonable minds could have reached the same conclusion as the agency
in the disputed action. See Texas Educ. Agency v. Goodrich Indep. Sch. Dist., 898 S.W.2d 954,
957 (Tex. App.--Austin 1995, writ denied). We may not substitute our judgment for that of the
agency and may only consider the record on which the agency based its decision. See id.; State
v. Public Util. Comm'n, 883 S.W.2d 190, 203 (Tex. 1994). The true test is not whether the
Board reached the correct conclusion, but whether some reasonable basis exists in the record for
the action taken by the Board. Public Util. Comm'n, 883 S.W.2d at 204. The findings,
inferences, conclusions, and decisions of an administrative agency are presumed to be supported
by substantial evidence, and the burden is on the contestant to prove otherwise. Id.

 Stratton does not contest the merits of the decision not to renew her contract. Her
sole contention is that she did not receive due process in the hearing before the Board because of
the strict time limit placed on the presentation of each party's case. She argues not only that the
imposition of this time limit violated the local DDA policy, which required a conference with the
parties, but also that by subtracting time used for cross-examination, the Board deprived her of
the opportunity to present her case, leaving a record that is incomplete and cannot support the
Board's decision.

 The administration had the burden of proof, and we find substantial evidence in the
record to support the Board's nonrenewal of Stratton's contract. We overrule Stratton's second
issue that the evidence is insufficient to support the Board's decision.


Findings of Fact in the Commissioner's Decision

 Stratton argues in her last issue that the Commissioner violated section 21.304(a)
of the Education Code because he did not make findings of fact as required by statute. See Tex.
Educ. Code Ann. § 21.304(a) (West 1996). Throughout the discussion portion of his decision,
the Commissioner makes reference to the previous findings of fact and uses the fact findings from
the local record to demonstrate that substantial evidence exists to support the Board's action. The
question is whether the Commissioner's reference to facts in his discussion of the opinion
constitutes substantial compliance with the requirements of section 21.034(a). Substantial
compliance has been defined to mean performance of the essential requirements of a statute. See
Harris County Appraisal Dist. v. Krupp Realty Ltd. Partnership, 787 S.W.2d 513, 515 (Tex.
App.--Houston [1st Dist.] 1990, no writ). A deviation from the requirements of the statute which
does not seriously hinder the legislature's purpose in imposing the requirement is substantial
compliance. See id. From the Commissioner's discussion section, we can clearly discern the
facts he used to make his determination and conclude that he substantially complied with the
requirements of section 21.304(a). The better practice would be to include the facts from the local
record in a specific section titled "Findings of Fact." In the future, the Commissioner's failure
to collect the facts in a separate and distinct section may result in a reversal where the facts relied
upon are not so clearly discernable.

 The Commissioner's findings can be discerned when reviewing his decision. If we
are wrong and the Commissioner's failure to explicitly state his own findings or to use more
specific language in adopting the findings from the local record can be characterized as error, we
cannot say that the error was likely to have led to an erroneous decision by the commissioner. 
See Tex. Educ. Code Ann. § 21.307(g). The Board, the Commissioner, and the district court all
found that good cause existed not to renew Stratton's contract.


CONCLUSION

 Having disposed of all three of Stratton's issues, we affirm the district court's
judgment affirming the decision of the Commissioner and the Board.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 7, 1999

Do Not Publish  Released for publication November 12, 1999. Tex. R. App. P. 47.3(c).
1. We note that nowhere in the record do we find any proffer of proof as to what witnesses
or testimony Stratton wished to offer.



cisions of an administrative agency are presumed to be supported
by substantial evidence, and the burden is on the contestant to prove otherwise. Id.