**William H. STONE**

v.

**REYNOLDS METALS COMPANY.**

**Civ. A. No. 63–C–92.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Aug. 18, 1964.

Edwards & De Anda and William R. Edwards, Corpus Christi, Tex., for plaintiff.

Lewright, Dyer & Redford and Cecil D. Redford, Corpus Christi, Tex., for defendant.

GARZA, District Judge.

The Plaintiff, William H. Stone, sues for damages resulting from injuries sustained by him while employed by Defendant, Reynolds Metals Company. The suit is based on diversity of citizenship, and jurisdiction is admitted by the parties.

In the pretrial order, the parties have stipulated that the Plaintiff was an employe of Defendant Reynolds on March 30, 1963, the date of Plaintiff's alleged injuries; and that Defendant owned and controlled standard gauge tracks, one or more switch engines, called "dinkys", and box cars, all wholly within the prop-

erty of Reynolds Metals Company, and operated such switch engine or engines and box cars on such tracks. On March 30, 1963, while Plaintiff was riding in a switch engine and in the performance of his duties as a car transfer man helper, he sustained personal injuries when the switch engine collided with a box car. Defendant was a subscriber under the Workmen's Compensation Laws of Texas, and had in effect a policy of workmen's compensation insurance on the date of the alleged injuries. It is further stipulated that prior to and at the time of Plaintiff's employment, he did not give his employer notice in writing that he claimed and had not waived his right of action at common law or under any statute of the State of Texas to recover damages for injuries sustained by him in the course of his employment by Defendant.

Plaintiff brings this cause of action under Articles 6432 through 6443, Revised Civil Statutes of Texas, 1925, as amended.

Defendant has filed a motion for summary judgment.

The sole question presented to the Court by this motion is whether Plaintiff has a cause of action under Articles 6432 through 6443 for the injuries sustained by him, or is his exclusive remedy under the Workmen's Compensation Law, Articles 8306 et seq., Revised Civil Statutes of Texas, 1925, as amended Vernon's Ann.Civ.St. art. 8306 et seq.

Article 6432 provides as follows:

"Every person, receiver, or corporation operating a railroad or street railway, the line of which shall be situated in whole or in part in this State, shall be liable for all damages sustained by any servant or employé thereof while engaged in the work of operating the cars, locomotives or trains of such person, receiver, or corporation, by reason of the negligence of any other servant or employé of such person, receiver or corporation, and the fact that such servants or employés were fel-

low-servants with each other shall not impair or destroy such liability."

Article 6435:

"No contract made between the employer and employé based upon the contingency of death or injury of the employé and limiting the liability of the employer under the preceding articles of this chapter, or fixing damages to be recovered, shall be valid or binding."

Article 6443:

"Nothing in the provisions of the four preceding articles shall be held to limit the duty or liability of common carriers, or to impair the rights of employés, under other articles of these Statutes, but, in case of conflict, these articles shall prevail; and nothing in said articles shall affect the right of action under any law of this State."

Defendant contends that the Workmen's Compensation Law excludes the preceding articles as a basis for Plaintiff's cause of action.

Article 8306, section 3, provides:

"The employés of a subscriber and the parents of minor employés shall have no right of action against their employer or against any agent, servant or employé of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employer or his agent, servant or employé for damages for injuries resulting in death, but such employés and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for. All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise here-

in provided, and any attempt to assign the same shall be void."

Article 8306, section 3a:

"An employé of a subscriber shall be held to have waived his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right or if the contract of hire was made before the employer became a subscriber, if the employé shall not have given the said notice within five days of notice of such subscription. An employé who has given notice to his employer that he claimed his right of action at common law or under any statute may thereafter waive such claim by notice in writing, which shall take effect five days after its delivery to his employer or his agent. Any employé of a subscriber who has not waived his right of action at common law or under any statute to recover damages for injury sustained in the course of his employment, as above provided in this section, shall, as well as his legal beneficiaries and representatives have his or their cause of action for such injuries as now exist by the common law and statutes of this State, which action shall be subject to all defenses under the common law and statutes of this State."

Since the Plaintiff did not give the notice provided for in Section 3a, Article 8306, Defendant contends that he has waived his right of action, both at common law and under any statute.

Articles 6432 et seq., as well as Articles 8306 et seq., were carried forward in the 1925 revision of the Texas statutes. Of the cases deciding the issue of whether the Workmen's Compensation Law is or is not the employe's exclusive remedy, none have settled the apparent conflict between Articles 6432 et seq., and the Workmen's Compensation Law.

This Court feels that the plain and clear meaning of Articles 6435 and 6443 provides a cause of action in spite of any contractual provision or other statutes. Even though the Plaintiff did not give notice to his employer that he was claiming a right of action at common law or under any statute, his waiver of this right is not valid or binding on him under Article 6435. The "exclusive remedy" provided by the Workmen's Compensation Law, Article 8306, section 3, does not preclude a statutory cause of action which is made to prevail in case of conflict by Article 6443.

Since both sets of statutes were carried forward in the 1925 revision by the Legislature and are apparently in conflict in the situation presented here, this Court holds that the specific provisions of Articles 6432 et seq., are plainly intended by the Legislature to prevail over the general provisions of the Workmen's Compensation Law.

If the Plaintiff can bring himself within the operation of Articles 6432 through 6443 as an injured employe of the operator of a railroad, then he may sue under these statutes and is not limited to a recovery under the Workmen's Compensation Law of Texas.

The Court makes no finding at this time as to whether the Defendant was operating a railroad within the provisions of Articles 6432 through 6443, or whether Plaintiff's injuries were the result of any negligence, or contributory negligence, or unavoidable accident. All of these issues, as well as the amount of damages, will be resolved at the time of trial.

Defendant's motion for summary judgment, therefore, should be and is hereby denied.

Clerk will notify counsel.