Javier FLORES, Appellant,

v.

**COFFIELD WAREHOUSE
COMPANY, Appellee.**

No. 9251.

Court of Appeals of Texas,
Texarkana.

Oct. 23, 1984.

Rehearing Denied Nov. 20, 1984.

J.L. Hinojosa, Brown & Haden, Houston,
for appellant.

Arno W. Krebs, Jr., Fulbright & Jaworski, W.T. Womble, John C. Millberg, Crain, Caton, James & Womble, Houston, for appellee.

BLEIL, Justice.

Javier Flores appeals from a summary judgment granted in favor of Coffield Warehouse Company. Each side concedes that there is no disputed material fact issue. The issue before us is whether the facts establish that Coffield is not a "common carrier by railroad," as used in the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60 (1972). We conclude that Coffield was not a common carrier by railroad and therefore uphold the summary judgment in favor of Coffield.

While working for Coffield Warehouse Company, Flores was directed to repair a grain hopper conveyer belt located on the company's premises. In order to get to the conveyer belt, Flores crossed over a set of railroad tracks in between two stationary railcars parked on the tracks. He climbed onto and over the coupling between the cars when a locomotive switch engine was backed into the railcars. The sudden impact threw Flores down onto the track and beneath one of the car's wheels. As the railcar was pushed along the track the wheels rolled over Flores amputating his legs. The railroad track and locomotive switch engine were owned, operated, and maintained by Coffield.

Flores sued Coffield and Southern Pacific Transportation Company. Southern Pacific filed a motion for summary judgment alleging that Flores was not its borrowed servant and that it in no manner was responsible for the injuries suffered by Flores; Southern Pacific prevailed on its motion. Flores did not appeal the summary judgment granted to Southern Pacific. Coffield also moved for summary judgment alleging that Flores had waived his claim for action under common law or any other statute because he was covered by the Texas Workers' Compensation Act, Tex.Rev. Civ.Stat.Ann. art. 8306 (Vernon 1967). It claimed that Flores' recovery was limited to workers' compensation benefits. Coffield further alleged that it was not a common carrier by railroad and therefore not liable to Flores under the Federal Employers' Liability Act or any other act.

■ Generally when we review summary judgments we apply the following rules: (1) the movants must show that there is no issue of material fact and that they are entitled to judgment as a matter of law; (2) we take as true all evidence favorable to the nonmovant; and (3) we indulge every reasonable inference in favor of the nonmovant or the one against whom summary judgment is granted. *Wilcox v. St. Mary's Univ. of San Antonio,* 531 S.W.2d 589 (Tex.1975); Tex.R.Civ.P. 166–A. However, because each side agrees that there is no issue of material fact we find this appeal can be resolved by determining a single question of law: whether the undisputed facts establish that Coffield was not a common carrier.

■ A common carrier by railroad under FELA has been held to mean one who operates a railroad as a means of carrying for the public. *Wells Fargo & Co. v. Taylor,* 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205 (1920). In reviewing the pertinent provisions of the Federal Employers' Liability Act, the United States Court of Appeals for the Fifth Circuit has set forth four significant considerations in determining whether an entity is a common carrier. These factors are whether the entity: (1) actually performs rail service; (2) performs a service which is part of the total rail service contracted for by a member of the public; (3) performs as a part of the system of interstate rail transportation by virtue of common ownership between itself and a railroad or by a contractual relationship with a railroad, and hence is deemed to be holding itself out to the public as a railroad; and (4) receives remuneration for the services performed in some manner such as a fixed charge from a railroad or by percentage of the profits from a railroad. *Mahfood v. Continental Grain Co.,* 718 F.2d 779 (5th Cir.1983); *Lone Star Steel Co. v. McGee,* 380 F.2d 640 (5th Cir.1967).

Therefore, the critical issue before us can be determined by application of these four tests.

Coffield is in the business of grain storage and merchandise warehousing. The Houston warehousing facility is served by Southern Pacific Transportation Company, which has a railroad spur track to the facility. One wanting to store grain or goods at Coffield makes arrangements with it for storage and separate arrangements with a transportation company for shipment to the storage warehouse. Southern Pacific delivers the railcar to a site within the Coffield premises. Coffield employees are used only to move the railcars short distances incident to the unloading and storage process within the boundaries of Coffield premises. Coffield operates its rail facilities only in connection with its warehouse and storage business. It does not transport goods for public purposes. Coffield's remuneration is based upon its charges to customers for unloading, storage and loading. Coffield in no manner holds itself out to the public as performing as a part of an interstate rail transportation system. The internal transportation of goods or grains by Coffield at its facility is not performed as a part of total rail services.

After considering the undisputed facts we conclude that Coffield is not a common carrier by railroad. Damages for the death or injury of an employee of a railroad engaged in interstate commerce, allegedly caused by the negligence of the railroad, are recoverable exclusively from the railroad under the FELA and not under state law. *Janelle v. Seaboard Coast Line R.R. Co.*, 524 F.2d 1259 (5th Cir.1975). The FELA in pertinent part provides that every common carrier by railroad while engaging in commerce shall be liable in damages to any person suffering injury while he is employed by that carrier in commerce. Because Coffield is not a common carrier by railroad under the FELA it is not answerable to its employee, Javier Flores, under this Act.

We affirm the trial court's judgment.