William Christopher WOMACK, Sue Womack and Louis G. Womack

v.

RAIL LINK, INC., Brenco, Inc., and Lubrizol Corporation.

Civ. A. No. G–95–141.

United States District Court, S.D. Texas, Galveston Division.

June 21, 1995.

Richard Nelson Haskell, W. Brice Cottongame, Hurst, TX, for William Christopher Womack, Sue Womack, Louis G. Womack.

**70**

H. Daniel Spain, Womble & Spain, Houston, TX, for Brenco, Inc.

Louis E. McCarter, Jr., Adam P. Schiffer, Vinson & Elkins, Houston, TX, for Lubrizol Corp.

### ORDER DENYING MOTION TO DISMISS

KENT, District Judge.

This is a personal injury action in which Plaintiff William Christopher Womack ("Womack") alleges that he was injured in a railroad accident that occurred during the scope of his employment with Defendant Rail Link, Inc. ("Rail Link"). Before the Court now is Rail Link's Motion to Dismiss Plaintiffs' Complaint for failure to state a claim on which relief may be granted.[1] For the reasons stated below, the Court finds that Defendant's Motion should be **DENIED.**

Defendant Rail Link essentially argues that Womack's claims against it should be dismissed because Rail Link is a subscriber to the Texas Worker's Compensation system; because Womack is an employee of Rail Link; and thus Womack's exclusive remedy is through the Worker's Compensation system and not through a suit for personal injury against Rail Link.

It is undisputed in this case that Womack is not entitled to any recovery under the Federal Employer's Liability Act, and thus he has brought suit solely pursuant to the seventy-year old Texas Railroad Liability Act, Tex.Rev.Civ.Stat.Ann. articles 6432 *et seq.* (Vernon 1926). Article 6432 provides:

> Every person, receiver, or corporation operating a railroad or street railway, the line of which shall be situated in whole or in part in this State, shall be liable for all damages sustained by any servant or employee thereof while engaged in the work of operating the cars, locomotives or trains of such person, receiver, or corporation, by reason of the negligence of any other servant or employee of such person, receiver or

> corporation, and the fact that such servants or employees were fellow-servants with each other shall not impair or destroy such liability.

Rail Link argues that this statutory provision does not allow suit against an employer because of the Texas Worker's Compensation Act, which provides that the worker's compensation benefits are to be the exclusive remedy for an injured employee. Tex.Lab. Code § 401.001 *et seq.*

Although the Court sympathizes with Defendant's position as a subscriber to the Worker's Compensation System, it feels that it must be guided in this matter by the only existing caselaw surrounding this issue, *Stone v. Reynolds Metals Co.*, 233 F.Supp. 440 (S.D.Tex.1964). In an opinion written by the able Judge Garza, whose insight is always illuminating to this Court, the Texas Railroad Liability Act was held to prevail over the general provisions of the Worker's Compensation Act, even though an apparent conflict exists between the two bodies of law. Thus, a worker such as Womack is not limited by the exclusive remedy provision of the Worker's Compensation Act.

For this reason, the Court finds that Rail Link's Motion to Dismiss Plaintiff's claims against it is **DISMISSED.** Each party is to bear his or its own taxable costs incurred in this matter. It is further **ORDERED** that the parties file no further pleadings on this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek whatever relief they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

1. Defendant's Motion is, alternately, a Motion for Summary Judgment, and Rail Link has included materials outside the pleadings to confirm that it is a Texas Worker's Compensation subscriber. Because the Court has no need to examine these documents, and does not include them in any manner in its consideration of this matter, the Court will treat Defendant's Motion as one to dismiss under Fed.R.Civ.P. 12(b)(6) rather than Fed.R.Civ.P. 56.