David R. NIXSON and Valerie Nixson, Appellants,

v.

MOBIL OIL CORPORATION d/b/a Mobil Mining & Minerals Company and Marie Newman, Appellees.

No. 14–95–00639–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 25, 1996.

Rehearing Overruled Aug. 22, 1996.

Ron Etzel, Pasadena, for appellants.

Jacqueline M. Stroh, Kerry Baldwin McKnight, Beaumont, for appellees.

Before YATES, O'NEILL and DRAUGHN (Assigned), JJ.

## OPINION

O'NEILL, Justice.

This is an appeal by David R. Nixson (Nixson) and his wife, Valerie Nixson, from a summary judgment in favor of Mobil Oil Corporation d/b/a Mobil Mining & Minerals Company (Mobil) and Marie Newman (Newman) in a suit brought by Nixson under the Texas Railroad Liability Act. We affirm.

### Background

On January 16, 1994, Nixson and Newman, both employees of Mobil, were hooking and unhooking rail cars in the course and scope of their employment. While attempting to adjust a coupling, Nixson's left arm was crushed and required amputation. At the time of Nixson's injury, Mobil was a subscriber under the Texas Workers' Compensation Act. As an employee of Mobil, Nixson was paid workers' compensation indemnity benefits by the Insurance Company of Pennsylvania. Nixson began receiving medical benefits and weekly benefits under the Workers' Compensation Act while in the hospital. The weekly benefits ended on October 13, 1994, when Nixson returned to work. Nixson will continue to receive medical benefits for the rest of his life.[1]

On or about April 27, 1994, Nixson filed suit against appellees seeking damages as authorized by Tex.Rev.Civ. Stat. Ann. art. 6432, et. seq. (Vernon 1926)(the Railroad Liability Act). It is undisputed that Nixson did not make an election to preserve a cause of action at common law or under a statute of this state as allowed by Tex. Lab.Code Ann. § 406.034(b)(Vernon 1995). On April 17, 1995, the trial court granted summary judgment in favor of appellees, which judgment forms the basis of this appeal.

### Standard of Review

The appropriate standard to be followed when reviewing a summary judgment is well-established:

1. the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law;

2. in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

3. every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Where, as here, the summary judgment order does not specify the grounds upon which summary judgment was granted, the reviewing court will affirm the judgment if any of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

### Discussion

In three points of error, Nixson contends the trial court erred in granting summary judgment because his failure to make an election under § 406.034(b) and his acceptance of benefits under the Texas Workers' Compensation Act, Tex. Lab.Code Ann. §§ 406.034, 406.091, and 408.001 (Vernon 1995), does not preclude recovery under the Texas Railroad Liability Act, Tex.Rev. Civ. Stat. Ann. art. 6432 (Vernon 1926). Mobil contends the Workers' Compensation Act provides an exclusive remedy which prevents Nixson's recovery under any other statute. In determining this issue, we must examine the two statutes and decide whether they are in conflict. If the statutes are in conflict, we must apply the rules of statutory construction to determine the intent or purpose of the legislation. *See, e.g., Camacho v. State,* 765 S.W.2d 431 (Tex.Crim.App.1989).

**1.** As of July 11, 1995, when appellants' brief was filed with this court, Nixson's workers' compensation claim was still pending before the Texas Workers' Compensation Commission.

The Workers' Compensation Act provides that recovery of workers' compensation benefits is "the exclusive remedy" of an employee covered by workers' compensation insurance for a work related injury. TEX. LAB.CODE ANN. § 408.001 (Vernon 1995). The Workers' Compensation Act also provides that, unless the employee gives notice in writing of his waiver of benefits under the Act and elects to claim his right of action at common law or under another statute, the employee "waives the employee's right of action at common law or *under a statute of this state*" to recover damages for employment related injuries. TEX. LAB.CODE Ann. § 406.034 (Vernon 1995) (emphasis added).[2]

█ In the present case, it is undisputed that Mobil was a subscriber under the Workers' Compensation Act at the time of Nixson's injury. It is also undisputed that Nixson never gave Mobil written notice that he waived benefits under the Act and desired to retain a right of action under a statute of this state. *Id.*[3] Consequently, according to the Act, Nixson waived any common law or statutory right of action he may have had against Mobil. *See, e.g., Prescott v. CSPH, Inc.,* 878 S.W.2d 692, 695 (Tex.App.—Amarillo 1994, writ denied). However, Nixson claims that the Railroad Liability Act, which contains a non-waiver provision, precludes application of the Workers' Compensation Act's election of remedies provision. TEX.REV.CIV. STAT. ANN. art. 6443, 6435 (1926).

The Railroad Liability Act makes employers liable to employees for injuries incurred in the course and scope of their employment:

Every person, receiver, or corporation operating a railroad or street railway, the line of which shall be situated in whole or in part in this State, shall be liable for all damages sustained by any servant or employé thereof while engaged in the work of operating the cars, locomotives, or trains of such person, receiver, or corporation, by reason of the negligence of any other servant or employé of such person, receiver or corporation, and the fact that such servants or employés were fellow-servants with each other shall not impair or destroy such liability.

TEX.REV.CIV. STAT. ANN. art. 6432 (Vernon 1926). Article 6435 of the Railroad Liability Act renders void any contract between the employer and the employee which would limit liability thereunder:

No contract made between the employer and the employee based upon the contingency of death or injury of the employé and limiting the liability of the employer under the preceding articles of this chapter, or fixing damages to be recovered, shall be valid or binding.

Article 6443 of the Railroad Liability Act provides that the Act shall prevail in case of conflict with other laws:

Nothing in the provisions of the four preceding articles shall be held to limit the duty or liability of common carriers, or to impair the rights of employés, under other articles of these Statutes, but, *in case of conflict, these articles shall prevail;* and nothing in said articles shall affect the right of action under any law of this State.

---

2. The statute read as follows when appellant began his employment with employee:

An employee of a subscriber shall be held to have waived his right of action at common law or under any statute of this State to recover damages for injuries *sustained in the course of his employment* if he shall not have given his employer, at the time of his contract for hire, notice in writing that he claimed said right or if the contract for hire was made before the employer became a subscriber, if the employee shall not have given the said notice within five days of notice of such subscription.

Tex.Rev.Civ. Stat. Ann. art. 8306 § 3a (Vernon 1967) (repealed).

3. Although not assigned as a point of error, Nixson claims he was unaware when he went to work for Mobil that there was an opportunity to make an election to preserve any common law or statutory cause of action and, therefore, he had no opportunity to make an informed judgment as to accepting benefits under the Workers' Compensation Act. However, it is well-settled that an employee is conclusively deemed to have notice of the fact that his employer is a subscriber when the employer is in fact a subscriber and so notifies the Industrial Accident Board. *See McDonald v. Sabayrac Battery Assocs., Inc.,* 620 S.W.2d 850, 852 (Tex. App.—Houston [14th Dist.] 1981, no writ); *see also Hodge v. BSB Investments, Inc.,* 783 S.W.2d 310, 313 (Tex. App.—Dallas 1990, writ denied).

Tex. Civ. Stat. Ann. art. 6443 (Vernon 1926)(emphasis added) (Vernon 1988).

■ Although the Workers' Compensation Act creates an exclusive remedy, the Railroad Liability Act prevents any contractual provision between an employer and employee or any statute from limiting liability thereunder. The Workers' Compensation Act prevents recovery under any other statute. The Railroad Liability Act prevents any other statute from negating a cause of action thereunder. Thus, it is apparent that the two statutes are in conflict. We must therefore look beyond the plain meaning of the statutory language and consider such extratextual factors as the object sought to be obtained by the statutes, the circumstances under which the statutes were enacted, the legislative history of the statutes, and the consequences of a particular construction. Tex. Gov't Code Ann. § 311.023 (Vernon 1985); *see Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App. 1991); *Dallas Market Center Development Co. v. Beran & Shelmire,* 824 S.W.2d 218 (Tex.App.—Dallas 1991, writ denied). In enacting a statute, it is presumed that the result intended is just, reasonable, and feasible of execution. Tex. Gov't Code Ann. § 311.021 (Vernon 1985).

Nixson cites *Stone v. Reynolds Metals Co.,* 233 F.Supp. 440 (S.D.Tex.1964), *aff'd,* 355 F.2d 934 (5th Cir.1966) in support of his argument that the Worker's Compensation Act's election of remedies provision does not prevent him from pursuing a cause of action under the Railroad Liability Act. In *Stone,* the federal district court held that the exclusive remedy provided by the Workers' Compensation Act did not preclude the employee's remedy under the Railroad Liability Act:

This Court feels that the plain and clear meaning of Articles 6435 and 6443 provides a cause of action in spite of any contractual provision or other statutes. Even though

the Plaintiff did not give notice to his employer that he was claiming a right of action at common law or under any statute, his waiver of this right is not valid or binding on him under Article 6435. The 'exclusive remedy' provided by the Workmen's Compensation Law, Article 8306, section 3, does not preclude a statutory cause of action which is made to prevail in case of conflict by Article 6443.

*Stone,* 233 F.Supp. at 442. The court based its decision on the fact that both sets of statutes were carried forward by the Legislature in the 1925 revision, and the specific provisions of the Railroad Liability Act prevailed over the general provisions of the Workers' Compensation Act. *Id.* In construing the two statutes, however, the court in *Stone* considered some but not all applicable elements of statutory construction. Specifically, and most importantly, the court failed to consider the legislative intent behind the two statutes and the consequences of its construction.

The Texas Railroad Liability Act was originally passed in 1897 to provide a remedy for personal injuries sustained by railroad employees who had no adequate remedy at law.[4] No adequate remedy at law existed at this time because Texas did not yet have a worker's compensation statute and the federal government had not yet passed the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. § 51 *et seq.,* which provides, in pertinent part, that every common carrier by railroad while engaging in commerce shall be liable in damages to any person suffering injury while he is employed by that carrier.

■ The Worker's Compensation Act was passed several years later for the reasons provided in the 1917 revision:

The law as it now stands being wholly inadequate to protect the rights of industrial employees who may be injured in

---

**4.** Mobil attached to its motion for summary judgment a copy of Senate Bill 7, in which the legislature set forth its intent in enacting the Railroad Liability Act as follows:

The short duration of the special session of the legislature and the fact that the existing fellow servant law is inadequate to accomplish its purposes, and the fact that a large portion of our citizens have no adequate remedy for per-

sonal injuries sustained, create an emergency and an imperative public necessity exists that the constitutional rule requiring bills to be read on three several days be and the same is hereby suspended, and that this act take effect and be in force from and after its passage and it is so enacted.

Senate Bill 7, Special Session of the 25th Legislature, 1897.

industrial accidents ... creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days be suspended, and the same is hereby suspended, and this act shall take effect from and after its passage, and it is so enacted.

*Bailey v. American General Ins. Co.,* 154 Tex. 430, 279 S.W.2d 315, 319 (1955) (citing Acts, 35th Leg. Reg. Sess.1917, ch. 103, p. 293). Included in the revision was a provision, still a part of the Act when *Stone* was decided, which excluded railroad employees from coverage:

> The provisions of this law shall not apply to actions to recover damages for personal injuries nor for death resulting from personal injuries sustained by domestic servants or casual employees engaged in employment incidental to a personal residence, farm or ranch laborers ... *nor to the employees of any person, firm or corporation operating any steam, electric, street, or interurban railway as a common carrier.*[5]

Tex.Rev.Civ. Stat. Ann. art. 8306 § 2 (Vernon Supp.1990) (repealed) (emphasis added). The main reason behind the exclusion was "the fact that the operation of such transportation system was subject to the Railroad Liability Act." *Houston Transit Co. v. Farrack,* 403 S.W.2d 184, 190 (Tex.Civ.App.— Houston 1966, no writ). In construing the legislative intent behind the two statutes, the *Farrack* court stated:

> Article 6432 was enacted by the Legislature some twenty years prior to 1917 when the original Texas Workmen's Compensation Law of 1913 was subjected to a major revision. It seems evident that the legislative intent was to exclude from the Workmen's Compensation Act common carriers for hire of passengers or freight or both which operated on railroad or street car trackage, since such employees were in a class by themselves and were protected by

the provisions of the Railroad Liability Act.

*Id.* Thus, it appears that the Legislature initially wrote the Workers' Compensation Act so that it would apply separate and apart from the Railroad Liability Act.

■ In the 1989 recodification of the Workers' Compensation Act, the exclusion of railroad workers disappeared; instead, the exemption was applied to those persons covered by a method of compensation established under federal law:

> (a) The following employees are not subject to this subtitle:
>
> (1) a person employed as a domestic worker or a casual worker engaged in employment incidental to a personal residence;
>
> (2) *a person covered by a method of compensation established under federal law;* or
>
> (3) except as provided by Subchapter H, a farm or ranch employee.

Tex. Labor Code Ann. § 406.091 (Vernon 1995)(emphasis added). As of the recodification, those railroad employees who were not covered under FELA were now implicitly covered under the Workers' Compensation Act. Those subject to FELA were guaranteed compensation under FELA because the federal statute preempts state statutes. *See Flores v. Coffield Warehouse Co.,* 683 S.W.2d 31, 32 (Tex.Civ.App.—Texarkana 1984), *cert. denied,* 474 U.S. 828, 106 S.Ct. 89, 88 L.Ed.2d 73 (1985) (workers' compensation was appellant's sole ground of recovery where appellee was not a common carrier).

■ Appellants argue that the 1989 recodification of the Workers' Compensation Act created a dual remedy for intrastate railroad employees who do not qualify under FELA, allowing them to collect benefits under the Workers' Compensation Act and make a claim under the Railroad Liability Act. We disagree. The Legislature in 1917 expressed

---

**5.** Mobil claims that, because it is not a common carrier, the Railroad Liability Act is inapplicable since the Act by its own terms only applies to common carriers. Although Nixson cites the holding in *Cunningham v. Neal,* 101 Tex. 338, 107 S.W. 539 (1908) that the Act should not be limited to common carriers, Mobil makes a per-

suasive argument that, as a result of subsequent statutory enactments such as the Workers' Compensation Act and FELA, the Act was meant to apply only where the employer is operating a railroad as a common carrier. However, in light of our decision, we do not need to address this issue.

an intent not to allow railroad employees to benefit under both statutes when it excluded them under the Workers' Compensation Act. In the 1989 recodification, the Legislature could have carried forward the Railroad Liability Act exclusion but chose not to. We are unable to discern a legislative intent to favor railroad employees over other employees covered by the Workers' Compensation Act by exempting them from the election requirement and allowing them to collect workers' compensation benefits while, at the same time, pursuing a remedy under the Railroad Liability Act.

■ Although certain rights to pursue other actions are preserved in the workers' compensation laws, they are limited and should be strictly construed. *Cohn v. Spinks Industries, Inc.*, 602 S.W.2d 102, 104 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.). To hold otherwise would place Mobil in the position of defending an action brought under another statute even though it had qualified under the terms of the Workers' Compensation Act and procured compensation insurance for the protection of both itself and Nixson. *See Bailey,* 279 S.W.2d at 322. This in turn would force railroad employers to protect themselves by obtaining insurance against liability under the Railroad Liability Act while at the same time paying compensation insurance premiums for the protection of employees under the Workers' Compensation Act. *Id.* We see nothing in the legislative history to indicate that such a result was intended.

We find that Nixson's failure to provide notice that he waived benefits under the Act and desired to retain a right of action under a statute of this state limited him, just as it would any other covered employee in Texas, to the exclusive remedy of the Workers' Compensation Act.

Appellants' points of error are overruled.

The judgment of the trial court is affirmed.