Kenya JONES, et al.

v.

RAIL LINK, INCORPORATED, et al.

No. Civ.A. G–97–467.

United States District Court,
S.D. Texas,
Galveston Division.

July 17, 1998.

---

Ted C. Litton, Royston Rayzor Vickery and Williams, Houston, TX, for Ted C. Litton.

R. L. Pete McKinney, Crawford & McKinney, Houston, TX, for Kenya Jones, Kasandra Jones.

Randall G. Walters, Touchstone Bernays Johnston Beall & Smith, Dallas, TX, C. Scott Sessions, Touchstone Bernays Johnston Beall & Smith, Dallas, TX, for Reliance Insurance Company.

Mainess Gibson, Gibson & Associates, Houston, TX, for Rail Link, Inc.

H. Daniel Spain, Womble & Spain, Houston, TX, for Brenco, Incorporated.

James B. Galbraith, McLeod Alexander Powel & Apffel, Galveston, TX, for Amoco Chemical Co.

John B. Strasburger, Weil Gotshal and Manges, Houston, TX, for U.S. Contractors Inc.

## ORDER DISMISSING WITH PREJUDICE PLAINTIFFS' CLAIMS AGAINST DEFENDANT RAIL LINK, INCORPORATED

KENT, District Judge.

Plaintiff allegedly suffered partial amputation of his fingers while working as a railroad switchman. Along with his wife and three children, Plaintiff brings this case against the premises owner AMOCO Chemical Company and his employer Rail Link, Inc.[1] Now before the Court is Defendant Rail Link's Motion for Summary Judgment. For the reasons that follow, that Motion is **GRANTED,** and Plaintiffs' claims against Defendant RAIL LINK, INC. are **DISMISSED WITH PREJUDICE.**

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See FED.R.CIV.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. See id. at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. See id. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable factfinder could find in favor of the nonmoving party, summary judgment should not be granted. See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Dixon v. State Farm Fire & Casualty Co., 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255, 106 S.Ct. at 2513.

Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553; see also FED.R.CIV.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. See Matsushita, 475 U.S. at 585–87, 106 S.Ct. at 1355–56; Wise v. E.I. DuPont de Nemours & Co., 58 F.3d 193, 195 (5th Cir.1995). The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. See Matsushita, 475 U.S. at 585–87, 106 S.Ct. at 1355–56. However, to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead,

---

1. Plaintiffs voluntarily dismissed Defendant Brenco, Inc., a company affiliated with Rail Link.

must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 586–87, 106 S.Ct. at 1355–56 (quoting FED.R.CIV.P. 56(e)).

## II. ANALYSIS

■ At the time of Plaintiff's injury, Defendant Rail Link, Inc., Plaintiff's employer, was a workers' compensation subscriber, covered by the Texas Workers' Compensation Act ("TWCA"), TEX. LABOR CODE ANN. §§ 401.001–418.002. Following his injury, Plaintiff filed a workers' compensation claim against Rail Link's workers' compensation policy, and thereafter accepted workers' compensation benefits pursuant to that policy. It is undisputed that prior to receiving these benefits, Plaintiff did not give written notice waiving workers' compensation benefits, nor did he express a desire to retain a right of action under any Texas statute. *See* TEX. LABOR CODE. ANN. §§ 406.034(b) (providing an election of remedies), 408.001 (mandating that receipt of benefits is an exclusive remedy). Plaintiff brings suit in this Court against Defendant Rail Link pursuant to the Texas Railroad Liability Act ("TRLA"), TEX. REV.CIV.STAT.ANN. art. 6432. Thus, the issue before the Court is whether an employee who receives workers' compensation benefits pursuant to the TWCA, which is normally an exclusive remedy, continues to have a cause of action against his employer under the Texas Railroad Liability Act. Clearly, this is an issue of law, which is ripe for summary judgment resolution.

In support of its argument that Plaintiff waived his right of action under the TRLA by accepting workers' compensation benefits, Defendant relies upon *Nixson v. Mobil Oil Corp.*, 928 S.W.2d 245, 248 (Tex.App.—Houston [14th Dist.] 1996, no writ). In that case, the Fourteenth District Court of Appeals determined, upon virtually the same facts as those extant here,[2] that the plaintiff had indeed waived his right of action under the TRLA. The *Nixson* court based its decision on statutory interpretation principles and the history of both the TRLA and the TWCA, finally concluding that the Texas Legislature did not intend for railroad employees to benefit under both.

■ After careful review of its well-reasoned and thoughtful analysis, this Court finds the reasoning of the *Nixson* case both compelling and persuasive. A contrary conclusion would require the Court to find that the Texas Legislature intended to favor railroad employees over other employees covered by the TWCA, which would in turn force railroad employers to protect themselves from liability under the TRLA while simultaneously paying compensation insurance premiums for the protection of employees under the TWCA. Certainly this is not what was intended. The Court, therefore, rejects Plaintiffs' contention that adoption of the reasoning in *Nixson* means that the TRLA has been repealed. Instead, as this Court reads both statutes, it appears that the TRLA was intended to protect railroad employees who had no protection otherwise. It therefore follows that if the railroad employee is indeed receiving the "exclusive" protections of the TWCA, then he cannot also pursue a TRLA claim. This Court therefore adopts the reasoning of the *Nixson* court. Consequently, because Plaintiff failed to provide notice that he waived benefits under the TWCA and desired to retain a right of action under the TRLA, Defendant Rail Link's Motion for Summary Judgment must be **GRANTED.**

For the reasons stated above, Defendant Rail Link's Motion for Summary Judgment is hereby **GRANTED,** and Plaintiffs' claims against Defendant Rail Link, Inc. are **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

2. In *Nixson,* the plaintiff had not yet received any workers' compensation benefits. In the case at bar, it is undisputed that Plaintiff has indeed received such benefits.

## *PARTIAL FINAL JUDGMENT*

For the reasons stated in the Court's Order issued this day, Defendant Rail Link's Motion for Summary Judgment is hereby **GRANTED,** and Plaintiffs' claims brought against Defendant Rail Link, Incorporated are hereby **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.