**Angela Renea WINN, Individually and as Surviving Heir of the Deceased Victim, Kevin Douglas Winn, Individually and as Next Friend of Jessica Paige Winn, Minor Child, Plaintiffs,**

v.

**PANOLA–HARRISON ELECTRIC COOPERATIVE, INCORPORATED, Victor W. Schwartz, Jr., Paul MacIntosh, and Jim Pinkston, Defendants.**

No. 2:97CV005.

United States District Court,
E.D. Texas,
Marshall Division.

Nov. 30, 1998.

Edward Lewis Hohn, Nix Law Firm, Daingerfield, TX, for Angela Renea Winn.

James H. Ammerman, II, Law Offices of Jim Ammerman II, Marshall, TX, for Jessica Paige Winn.

James Warren Grau, Grau & Bassett, Dallas, TX, Walter F. Palmer, Thomas Wyatt Key, Palmer Law Firm, Inc., Marshall, TX, for Panola–Harrison Elec. Co-op, Inc.

### ORDER

FOLSOM, District Judge.

Before this Court is Defendant Panola–Harrison's Motion for Summary Judgment. (Docket # 102). The Court has determined that this motion is well taken in part.

## I. Background

Kevin Douglas Winn was fatally electrocuted while working for the Defendant, Panola–Harrison, Electric Cooperative, Inc., as a lineman. At the time of the accident, Panola–Harrison was a subscriber to Workers Compensation Insurance which covered Mr. Winn. Plaintiffs, the surviving wife and child of Mr. Winn, brought this wrongful death action based on negligence, gross negligence, and strict liability for conducting an abnormally dangerous activity.

Panola–Harrison filed a Motion for Summary Judgment on the Plaintiffs' negligence and gross negligence claims. The Defendant asserts that the negligence claim is barred by the Texas Workers' Compensation Act ("the Act"). The Court agrees.

In their response to the Defendant's motion, the Plaintiffs assert that the Act does not bar their negligence claim because the Defendant has failed to show that the decedent elected to be covered by Worker's Compensation. This in an incorrect statement of the appropriate burden. The Plaintiffs have the burden of showing that the decedent opted out of coverage. See Puga v. Donna Fruit Co., Inc., 634 S.W.2d 677, 680 (Tex.1982). In its motion, the Defendant states that the decedent did not give this notice, and the Plaintiffs' response fails to point to evidence controverting this point. Because the Plaintiffs have failed to point to evidence indicating that the decedent opted out of coverage, summary judgment is appropriate and their negligence claim is barred by the Act.

The Plaintiffs also assert their negligence claim is not barred due to the fact that appropriate notice of coverage was not given to the decedent. In the Defendant's motion, it states that it notified the Workers Compensation Commission of its subscriber status. Again, the Plaintiffs fail to point to contrary evidence. This type of notice serves as sufficient construc-

tive notice to comply with the Act. *See Nixson v. Mobil Oil Corp.*, 928 S.W.2d 245, 248 n. 3 (Tex.App.—Houston 1996 [14th Dist.], no writ).

 Furthermore, the Plaintiffs' position would fail even if proper notice had not been given. "[T]he exclusivity bar of the workers' compensation statute does not hinge on whether notice has been provided to the employee.... Failure to notice an employee of coverage constitutes an administrative violation punished only by fine." *Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 616 (Tex.App.—San Antonio 1996, writ denied).

 Accordingly, the Plaintiffs' negligence claim is barred by the Act. Their gross negligence claim, however, is still viable. The Defendant incorrectly states that the dismissal of the negligence claim necessitates the dismissal of the gross negligence claim. The Plaintiffs are entitled to separately maintain their gross negligence claim under Section 408.001(b) of the Texas Labor Code. Therefore, it is hereby

ORDERED that Panola–Harrison's Motion for Summary Judgment. (Docket # 102) is GRANTED IN PART. The Plaintiff's negligence claims are dismissed, but the gross negligence claims are not. It is further

ORDERED that Panola–Harrison's Motion to Strike Plaintiffs' Response (Docket # 108) to the Defendant's Motion for Summary Judgment is hereby DENIED.