L. N. McDONALD, et ux., et al., Appellants,

v.

SABAYRAC BATTERY ASSOCIATES, INC., et al., Appellees.

No. A2700.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1981.

Thomas O. Brashier, Stanley W. Crawford, Crawford & Grissom, Houston, for appellants.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Richard E. Gray, III, Executive Asst. Atty. Gen., Paul R. Gavia, Chief, State & County Affairs, Asst. Atty. Gen., Richard L. Arnett, Asst. Atty. Gen., Austin, B. Stephen Rice, Boswell, O'Toole, Davis & Pickering, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment denying declaratory and injunctive relief and damages. Appellants had alleged a violation of their rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On April 27, 1977 Appellant, L. N. McDonald (hereafter McDonald), was injured and his son, Leslie Dubose McDonald, was killed in an accident on the premises of their employer, Sabayrac Battery Associates, Inc., (hereafter Sabayrac.) McDonald filed his personal claim for Workers' Compensation and received $3,698 in compensation and $528 in medical benefits. He also filed a claim for Death Benefits in his son's death and received $24,429.02 in compensation and $40 in medical benefits. On April 7, 1980 Appellants filed this suit alleging that the Workers' Compensation Act (hereafter Act) was unconstitutional as applied in this particular situation. The court below held that there was no genuine fact issue and that the defendants were entitled to judgment as a matter of law.

Appellants allege four points of error. In the first two, they complain that the trial court erred in granting Sabayrac's Motion for Summary Judgment and in finding that there was no genuine issue of material fact. No arguments, authorities or issues are given to support these two points of error. The court's study fails to find anything to support these arguments. Appellant's first two points of error are overruled.

Appellants contend that the trial court erred in concluding that Art. 8306 § 3c of the Act is not violative of the due process

clause of the Fourteenth Amendment to the U. S. Constitution. They argue that they were not afforded the opportunity of waiving their rights under the Act and electing to sue for damages under a common law negligence theory. They contend that this valuable right was denied them because they had no actual notice of the existence of such a right. They contend that the provision of the Act which states that they are deemed to have actual notice is unconstitutional. Appellants argue that as a matter of due process, they must first have notice of its existence in order to enjoy such a right.

■ Having accepted employment with an employer who is a subscriber under the Act and who has notified the Industrial Accident Board of such fact, an employee is conclusively deemed to have notice of the fact that the employer "has provided with the association for the payment of compensation under [the Act]". An employee must, at the time of his employment, give notice in writing of his waiver of benefits under the Act and his election to claim his right of action at common law in order for it to be effective. Tex.Rev.Civ.Stat.Ann. Art. 8306 §§ 3a & 3c (Vernon 1967). The constitutionality of these provisions is well settled.

> We can perceive no valid reason why the Legislature could not enact the law providing for constructive notice to the employee that his employer was a subscriber under the Workmen's Compensation Act, as it is well within the power of the Legislature to abolish, if it sees fit to do so, causes of action for damages for personal injuries arising under a statute or the common law, when no rights have vested thereunder. Possessing such unlimited authority, it would necessarily be clothed with the lesser power to prescribe the terms and conditions upon which such damages might be recoverable.

*Zurich General Accident and Fidelity Ins. Co. v. Walker*, 35 S.W.2d 115, 117 (Tex. Comm.App.1931), "No one has any vested or property interest in the rules of the common law; and therefore no one is deprived of a constitutional right by their change through Legislative enactment." *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556, 561 (1916), aff'd 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919). The Legislature was well within its power in enacting these provisions of the Act. This point of error is overruled.

Appellants also contend that McDonald has been denied equal protection under the law because he is precluded by the Act from recovering exemplary damages for the alleged gross negligence of Sabayrac. Art. 8306 § 5 provides that nothing in the Act shall prohibit recovery of exemplary damages by a surviving husband, wife or heirs of the body of a deceased employee when his death was caused by the willful act, omission or gross negligence of the employer. This provision was included in the Act in order to comply with Art. 16 § 26 of the Texas Constitution. *Jones v. Jeffreys*, 244 S.W.2d 924 (Tex.Civ.App.-Dallas 1951, writ ref'd). In comment on this provision of the State Constitution the courts have held that "they [the people of Texas] evidently attached more importance to protection of widows and orphans than to the living who are merely injured. When it came to death cases, they left no discretion in the Legislature". *Castleberry v. Frost-Johnson Lumber Co.*, 283 S.W. 141, 146 (Tex.Comm.App. 1926).

■ We hold that the classification in the Act is reasonable. The Legislative purpose in enacting the Act was evidently to provide a method where injured workers could be compensated without the necessity of rebutting the various defenses available to an employer which might defeat their recovery. Had the Legislature allowed for recovery of exemplary damages as sought herein, it could have so increased the cost of Workers' Compensation as to overburden the system and thus defeated the entire purpose of the Act. This alone is sufficient to satisfy the requirement that a classification or distinction should further some legitimate, articulated State purpose. This point of error is overruled. The judgment of the court below is in all things affirmed.