**Douglas K. EDMUNDS, et al.,
Appellant,**

v.

**HIGHRISE, INC., Appellee.**

**No. 01–86–0107–CV.**

Court of Appeals of Texas,
Houston (1 Dist.).

July 3, 1986.

Rehearing Denied Aug. 14, 1986.

Barry L. Hart, Moore & Associates, Odessa, for appellant.

G. Don Swaim, Kern & Wooley, Irving, George S. McCall, Kern & Wooley, Irving, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

EVANS, Chief Justice.

This is a personal injury action to recover damages for injuries suffered by an employee in the course and scope of his employment. The plaintiff, Douglas K. Edmunds, alleges that the accident was caused by the employer's gross negligence. The trial court entered a take-nothing summary judgment in favor of the defendant, Highrise, Inc., based on the restrictions imposed by Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 3(a) (Vernon Supp.1986), which provides that the employees of a subscriber, excluding those employees who do not waive their common law or statutory right of action, shall have no right of action against their employer for damages resulting from work-related personal injuries.

The plaintiff first contends that he is unreasonably deprived of the equal protection of the law because Tex.Rev.Civ.Stat. Ann. art. 8306, sec. 5 (Vernon 1967) permits representatives of employees killed as a result of their employer's gross negligence to recover exemplary damages, while art. 8306, sec. 3(a) denies recovery to employees who are merely injured as a result of gross negligence. Thus, the plaintiff argues that art. 8306, sec. 3(a) violates the equal protection clause of Tex. Const. art. I, sec. 3.

The identical issue was presented in *McDonald v. Sabayrac Battery Associates, Inc.*, 620 S.W.2d 850 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). There, the court concluded that the classification in the Workers' Compensation Act was reasonable. *Id.* at 852. *See also Castleberry v. Frost-Johnson Lumber Co.*, 283 S.W. 141 (Tex.Comm'n App.1926, opinion adopted).

Art. 8306, sec. 5 provides in material part:

Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employee whose death is occasioned by homicide

from the willful act or omission or gross negligence of any person, firm or corporation from the employer of such employee at the time of the injury causing the death of the latter.

This statute does not create a cause of action for exemplary damages, but merely saves an existing one to the extent allowed by law. *Duhart v. State,* 610 S.W.2d 740, 743 (Tex.1980).

The Texas Legislature enacted art. 8306, sec. 5 to comply with the mandate of Tex. Const. art. XVI, sec. 26, which states:

> Every person, corporation, or company, that may commit a homicide, through willful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

■ Thus, the obvious reason for the enactment of art. 8306, sec. 5 was to insure that the provisions of the Workers' Compensation Act did not violate the terms of Tex. Const. art. XVI, sec. 26. *See Jones v. Jeffreys,* 244 S.W.2d 924 (Tex.Civ.App.—Dallas 1951, writ ref'd). We overrule the plaintiff's first point of error.

In his second point of error, the plaintiff contends that the restrictive provisions of art. 8306, sec. 3(a) violate the Open Courts provision of Tex. Const. art. I, sec. 13, which states that "all courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

This contention has been rejected by prior decisions of the courts of this state. *General Elevator Corp. v. Champion Papers,* 590 S.W.2d 763 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Grove Manufacturing Co. v. Cardinal Construction Co.,* 534 S.W.2d 153 (Tex. Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Jones v. Jeffreys,* 244 S.W.2d 924.

■ Upon giving timely notice, the employee of a subscriber may preserve his right of action at common law or under any statute. Art. 8306, sec. 3(a). But failure to give such notice results in an automatic election that compensation under the Workers' Compensation Act shall serve as an exclusive remedy, art. 8306, sec. 3(a), except where death results from the subscribing employer's gross negligence. Art. 8306, sec. 5. The constitutionality of these provisions has previously been upheld. *McDonald,* 620 S.W.2d at 852; *Zurich General Accident & Fidelity Insurance Co. v. Walker,* 35 S.W.2d 115 (Tex.Comm'n App. 1931, judgmt adopted).

The second point of error is overruled.

In his third point of error, the plaintiff contends that art. 8306, sec. 3(a) conflicts with the public policy of this State. We overrule this contention.

■ The theory behind the exclusive remedy provision of the Workers' Compensation Act is that in cases where the employee is merely injured, he be given the opportunity to relinquish common law remedies for lesser benefits which are paid more quickly and efficiently, and without proof of fault. *Bridges v. Phillips Petroleum Co.,* 733 F.2d 1153 (5th Cir.1984), *cert. denied,* 105 S.Ct. 921 (1985). Although the system is not perfect, it cannot be said that the Act is against public policy. *Castleberry,* 283 S.W. at 146.

The summary judgment is affirmed.