Glenda Davis ANDRESS,
et al., Appellants,

v.

MacGREGOR MEDICAL
ASSOCIATION, P.A.,
et al., Appellees.

No. 14–98–00293–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 1999.

Scott Rothenberg, Bellaire, for appellants.

H. Kent Twining, John B. Wallace, Linda J. Cole, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices YATES and HUDSON.

## OPINION

HUDSON, Justice.

This is an appeal from an order dismissing appellant's cause of action with prejudice. Appellant brings three issues: 1) Was it proper to dismiss the underlying lawsuit for failure to timely file a cost bond? 2) Was it proper to dismiss the underlying lawsuit with prejudice for a technical flaw in the cost-bond? 3) Does dismissal with prejudice violate either the Open Courts clause of the Texas Constitution or the Due Process clause of the Federal Constitution? Finding the trial court acted properly, we affirm.

### Case History

On January 26, 1997, Glenda Andress, Individually and as Next Friend of Jerry Wayne Shorter, Jr.; Jerrica Aysa Shorter; Seth Alexander Andress and Ariel Dionne Andress, Minors; and as Representative of the Estate of Michael Kelvin Andress, appellants, filed a wrongful death and medical malpractice survival suit against MacGregor Medical Association, P.A.; The Methodist Hospital; WHMC, Inc. a/k/a West Houston Medical Center; Minh Le, M.D.; Forrest Swan, M.D.; Ronnie A. Sheena, M.D.; Richard Lock, M.D.; Don N. Murrmann, M.D.; Kathryn A. Hale, M.D.; and Ayse Gokaslan, M.D.

Kathryn A. Hale's case was severed, the trial court granted a motion to dismiss, and no appeal was taken.[1] The case involving Methodist Hospital and WHMC, Inc. was also subsequently severed from the present case. The trial court granted a motion to dismiss filed by Methodist Hospital and WHMC. On appeal, counsel for appellants orally moved to dismiss the

appeal as to Methodist and WHMC. Appellants' motion was granted.

The only appellees remaining from those initially sued by appellants are the MacGregor appellees.

### The Procedural Requirements of Art. 4590i

The legislature, in an attempt to discourage frivolous malpractice lawsuits, requires the posting of a cost bond, or its equivalent. *See Wood v. Tice*, 988 S.W.2d 829, 830 (Tex.App.-San Antonio 1999, pet. denied). The statute requires:

In a health care liability claim, a claimant shall, not later than the 90th day after the date the claim is filed:

(1) file a separate cost bond in the amount of $5,000 for each physician or health care provider named by the claimant in the action;

(2) place cash in an escrow account in the amount of $5,000 for each physician or health care provider named in the action; or

(3) file an expert report for each physician or health care provider with respect to whom a cost bond has not been filed and cash in lieu of the bond has not been deposited under Subdivision (1) or (2) of this subsection.

TEX.REV.CIV. STAT. ANN. Art. 4590i, § 13.01(a) (Vernon Supp.1998). If the plaintiff fails to comply with the above statute, the court may, upon proper motion, order the plaintiff to file a $7,500 bond not later that the 21st day after the date of the order. The statute further provides that "if the claimant fails to comply with the order, the action shall be *dismissed for want of prosecution* with respect to the physician or health care provider, *subject to reinstatement* in accordance with the applicable rules of civil procedure and Subsection (c) of this section." TEX.REV.CIV. STAT. ANN. Art. 4590i,

---

1. Dr. Hale, noting that no notice of appeal had been filed in her severed case, filed a motion to dismiss the appeal against her on

March 20, 1998. We granted Dr. Hale's motion on May 7, 1998.

§ 13.01(b) (Vernon Supp.1998) (emphasis added).

The statute further requires that:

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

Tex.Rev.Civ. Stat. Ann. Art. 4590i, § 13.01(d) (Vernon Supp.1998). Failure to comply with the above statute allows the health care provider to move for dismissal under § 13.01(e) which directs the court to enter an order "awarding as sanctions against the claimant ... reasonable attorney's fees and costs of court ... the forfeiture of any cost bond ... and the dismissal of the action of the claimant against that defendant *with prejudice to the claim's refiling.*" Tex.Rev.Civ. Stat. Ann. Art. 4590i, § 13.01(d, f) (Vernon Supp.1998) (emphasis added)

It is undisputed that appellant did not timely comply with § 13.01(a) (cost bond or equivalent). Accordingly, appellees moved under § 13.01(b). The Judge granted the motion and on August 11, 1997, the trial judge signed an order requiring Andress to post a $7,500 cost bond as to each health care provider in question within 21 days or face dismissal for want of prosecution. On September 10, 1997, a hearing was held and appellants cause was dismissed with prejudice.

### The Propriety of the Dismissal with Prejudice

█ Appellant's first two issues challenge the propriety of dismissing her lawsuit with prejudice when 1) she had arguably complied with the order to file a cost bond; and 2) her technically insufficient bond was a bona fide attempt to comply with the court's order.

Whether or not the cost bond was filed timely and whether or not a bona fide attempt to comply with the cost bond order is sufficient are immaterial. Appellant's counsel admitted in the court below that the dismissal was predicated upon his failure to file the expert reports as required by 13.01(d). Appellant also concedes he did not comply with 13.01(d). The statute allows two separate grace periods; appellant moved for neither.[2]

### The Open Courts and Due Process Clauses

█ The last issue in this appeal is whether or not the statutory provision allowing for dismissal with prejudice violates either the open courts provision of the Texas constitution or the due process clause of the federal constitution. We must begin with the presumption that a statute is constitutional. *See Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex.1996). The party challenging the constitutionality of a statute bears the burden of demonstrating that the enactment fails to meet constitutional requirements. *Id.*

█ Article I, section 13 of the Texas constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. This clause, commonly referred to as the

---

**2.** The statute allows one 30 day grace period for "good cause shown after motion and hearing" and a second 30 day grace period if "after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake." Tex.Rev.Civ. Stat. Ann. Art. 4590i, § 13.01(f, g) (Vernon Supp.1998).

"Open Courts Guarantee," acts as an additional due process guarantee granted in the Texas constitution, prohibiting legislative bodies from arbitrarily withdrawing all legal remedies from anyone having a well-defined cause of action under the common law. *See Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983).

■ Among other guarantees, the open courts provision provides that "the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex.1994). Thus, to establish an open courts violation in this context, Andress must show: (1) she has a well-recognized common-law cause of action that is being restricted; and (2) the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex.1990).

■ There is no dispute that a suit for medical negligence is recognized in common law. *See Humphreys v. Roberson*, 125 Tex. 558, 83 S.W.2d 311 (1935). However, at common law, a personal injury claim did not survive an injured party's death, nor did a deceased's heirs have a common law action for their own losses. *See Bala v. Maxwell*, 909 S.W.2d 889, 893 (Tex.1995); *Kramer v. Lewisville Memorial Hosp.*, 858 S.W.2d 397, 403 (Tex.1993). Such actions are now permitted only by statute. *See Bala*, 909 S.W.2d at 893. Because Andress has no common law right to bring either a wrongful death or survival action, she cannot establish an open courts violation. *See Diaz v. Westphal*, 941 S.W.2d 96, 101 (Tex.1997); *Baptist Mem'l Hosp. v. Arredondo*, 922 S.W.2d 120, 121–22 (Tex.1996) (per curiam) (concluding that wrongful death plaintiff could not satisfy first prong of open courts test because plaintiff's claim was purely statutory, although action was based on medical malpractice); *Rose v. Doctors Hospital*, 801 S.W.2d 841 (Tex.1990) (holding that a survivorship action was conferred by statute, not by the common law); *Bala*, 909 S.W.2d at 893 (Tex.1995) (holding that wrongful death and survivorship actions could not form basis of open courts violation and save malpractice suit from statute of limitations).

■ Since the right allegedly abridged is a mere statutory right, the statute is given great deference. "It is by now well established that [such] legislative Acts ... come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976). Thus, the statute will be upheld absent proof of arbitrariness or irrationality on the part legislature. *See Id; Ferguson v. Skrupa*, 372 U.S. 726, 731–732, 83 S.Ct. 1028, 1031–1032, 10 L.Ed.2d 93 (1963).

The original act, passed in 1977 sought to address what the legislature described as "a medical malpractice insurance crisis in the State of Texas." *McGlothlin v. Cullington*, 989 S.W.2d 449, 451 (Tex.App.-Austin 1999, pet. denied). The cost bond and expert report provisions of § 13.01 were enacted "to address the perceived problem that litigants were filing unmeritorious claims against medical practitioners which were not adequately investigated in a timely manner. This ... led doctors to settle such suits, regardless of the merits, and also to expend great amounts of money on defending against ultimately 'frivolous' claims." *Horsley–Layman v. Angeles*, 968 S.W.2d 533, 537 (Tex.App.-Texarkana 1998, no pet.) (citing House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 971, 74th Leg., R.S. (1995)). Thus, the legislature sought to address the important purposes of (1) limiting medical insurance costs, and thus health care costs, by reducing frivolous medical malpractice

claims, and (2) allowing a defendant physician to recoup some portion of court costs arising from a successful defense. Section 13.01 is not an unreasonable and arbitrary means to achieve these purposes. The legislature addressed a public concern while preserving the rights of legitimate plaintiffs. Accordingly, we find the trial court's dismissal with prejudice does not violate appellant's right to due process.

The court's dismissal order is affirmed.