Kathlyn SMITH, Appellant,

v.

Barbara Trusty SMITH, Appellee.

No. 14–03–00016–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 27, 2004.

David E. Moody, Lubbock, for appellant.

D. Brett Shine, Alvin, for appellee.

Panel consists of Chief Justice HEDGES and Justices JOHN S. ANDERSON and GUZMAN.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant challenges the trial court's judgment upholding the constitutionality of two Family Code provisions abolishing the common law causes of action for criminal conversation and alienation of affection. We affirm.

## BACKGROUND

Kathlyn Smith, appellant, filed a lawsuit against Barbara Trusty Smith, appellee, alleging various tort theories based on an affair between appellant's husband and appellee. Appellant's original petition also contained a petition for declaratory relief alleging the Legislature acted outside its authority by abolishing the common law causes of action for criminal conversation and alienation of affection. *See* TEX. FAM. CODE ANN. §§ 1.106 & 1.107 (Vernon 1998). After appellant non-suited her tort claims against appellee, and the trial court entered a final judgment declaring the statutes constitutional, this appeal ensued.

## DISCUSSION

Appellant challenges the constitutionality of Texas Family Code §§ 1.106 and 1.107. Section 1.106 provides: "A right of action by one spouse against a third party for criminal conversation is not authorized in this state." TEX. FAM.CODE ANN. § 1.106. Section 1.107 provides: "A right of action by one spouse against a third party for alienation of affection is not authorized in this state." TEX. FAM.CODE ANN. § 1.107. Appellant argues the Legislature's abolition violates the open courts provision of the Texas Constitution because it acted in an unreasonable and arbitrary manner in abolishing two well-established common law causes of action, and failed to provide an adequate remedy to protect marriages from interference by strangers.

### I.

 We begin our review of a constitutional challenge to a statute with a strong presumption the statute is valid. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983); *Andress v. MacGregor Med. Ass'n, P.A.*, 5 S.W.3d 855, 858 (Tex.App.-Houston [14th Dist.] 1999, no pet.). We presume the Legislature did not act unreasonably

or arbitrarily; thus, "a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. The wisdom or expediency of the law is the Legislature's prerogative, not ours." *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968); *see also Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex.1996); *Sax*, 648 S.W.2d at 664. The Texas Code Construction Act also guides our analysis by providing that in enacting a statute, it is presumed the Legislature intended: (1) the statute to satisfy state and federal constitutions; (2) a just and reasonable result; (3) the result to be feasible of execution; and (4) to favor public interest over private interest. TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998). The burden of demonstrating constitutional invalidity rests on the party assailing the statute. *Enron Corp.*, 922 S.W.2d at 934; *In re Hinterlong*, 109 S.W.3d 611, 626 (Tex.App.-Fort Worth 2003, no pet.).

 We extend a strong presumption the Legislature understands and appreciates the needs of the people, and its discriminations are based on adequate grounds. *Enron*, 922 S.W.2d at 934; *Williams v. Razor Enters., Inc.*, 70 S.W.3d 274, 275–76 (Tex.App.-San Antonio 2002, no pet.). "Individual hardship is thus to be weighed by the courts against the public advantages of a measure in determining whether the statute is a valid exercise of the police power." *State v. City of Austin*, 160 Tex. 348, 331 S.W.2d 737, 743 (1960). The Legislature may create new rights and has the power to repeal, change, modify, or abolish the common law as it sees fit. *McDonald v. Sabayrac Battery Assoc., Inc.*, 620 S.W.2d 850, 852 (Tex.Civ.App.-Houston [14th Dist.] 1981, no writ); *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 924 (Tex.App.-Dallas 1985, writ ref'd, n.r.e.); *State v. City of Dallas*, 319 S.W.2d 767, 774 (Tex.Civ.App.-Austin 1959), *aff'd, State v. City of Austin*, 160 Tex. 348, 331 S.W.2d 737 (1960). "No one has any vested or property interest in the rules of the common law; and therefore no one is deprived of a constitutional right by their change through Legislative enactment." *McDonald*, 620 S.W.2d at 852 (quoting *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556, 561 (1916), *aff'd*, 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919)). Further, the Legislature is charged with the responsibility and given the authority to formulate the public policy of the State. *See Texas Natural Resource Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 854 (Tex.2002); *In re L.L.*, 65 S.W.3d 194, 196 (Tex.App.-Amarillo 2001, no pet.) ("It is not the duty of the courts to judge the wisdom of the policy choice of the Legislature or to impose a different policy."); *Motorola, Inc. v. Tarrant County Appraisal Dist.*, 980 S.W.2d 899, 902 (Tex.App.-Fort Worth 1998, no pet.). If the Legislature was not given the ability to change laws, the result would be a "stagnation of the law in the face of changing societal conditions." *McCulloch*, 696 S.W.2d at 924.

**II.**

 The open courts provision of the Texas Constitution provides: "All courts shall be open, and every person for an injury done to him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. A plaintiff establishes an open courts violation if the right to bring a well-established common law cause of action is abrogated by the Legislature without a showing that the legislative basis for the statute outweighs the denial of the right of redress. *Sax*, 648 S.W.2d at 665–66; *West v. Moore*, 116 S.W.3d 101, 106 (Tex.App.-Houston [14th Dist.] 2002, no pet.). "A statute or ordinance that unreasonably

abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of another amounts to a denial of due process." *Sax*, 648 S.W.2d at 665. Thus, a plaintiff must satisfy two criteria: first, a well-established common law cause of action must be restricted; and second, the restriction must be unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax*, 648 S.W.2d at 666; *West*, 116 S.W.3d at 106. In making this latter determination, we consider both the general purpose of the statute and the extent to which the litigant's right of redress is affected. *Sax*, 648 S.W.2d at 666.

### Criminal Conversation

■ We must first determine whether a well-established common law cause of action is being restricted. Criminal conversation was adopted as part of the common law in Texas through article I of the Texas statutes. *Felsenthal v. McMillan*, 493 S.W.2d 729, 729 (Tex.1973) (5–4 decision). While the tort of criminal conversation was not recognized in Texas until *Felsenthal* in 1973, the Texas Supreme Court acknowledged its old English common law heritage. *Id.* at 729–30. In 1975, as a direct response to *Felsenthal*, the Legislature abolished the cause of action of criminal conversation; thus, criminal conversation was recognized as a common law cause of action in Texas for less than two years. Act of May 30, 1975, 64th Leg., R.S., ch. 637, 1975 Tex. Gen. Laws 1942 (amended 1979) (current version at Tex. Fam.Code Ann. § 1.106 (Vernon1998)). We cannot say its limited life span in Texas elevates it to a well-established common law cause of action. Accordingly, we find appellant has not satisfied the first criterion of an open courts violation with respect to criminal conversation.

Appellant also cannot satisfy the second criterion because the legislative purpose and basis of the statute abolishing the cause of action for criminal conversation outweigh a litigant's right of redress. By abolishing criminal conversation, the Legislature acted in direct response to the Texas Supreme Court's 5–4 decision in *Felsenthal*. House Comm. on Judiciary, Bill Analysis, Tex. H.B. 2153, 64th Leg., R.S. (1975); *Hearings on HB 2153 Before the House Comm. on Judiciary*, 64th Leg., R.S. (Apr. 22, 1975). The *Felsenthal* majority anticipated a legislative response to the opinion, noting: "It is an unsavory picture. Such a suit is not a pleasant one in any context. Perhaps that is why we so seldom see a suit of this nature and perhaps the aggrieved spouse should not expect to recover anything but nominal damages in the case where the besmirched spouse has participated willingly.... If the Legislature, which is now in session, desires to act in the matter, that, of course, is its prerogative." *Felsenthal*, 493 S.W.2d at 730.

In determining whether to recommend abolishment, the Legislature considered the dissent, which recognized a spouse could sue a third party, even if the offending spouse misled the third party by consenting or holding oneself out as unmarried. *Id.* at 731. Also, the tort of criminal conversation would allow a suit against a third party, even though the spouses were separated. *Id.* The dissent stated: "In my opinion the cause of action just described has no place in our legal system. While the innocent spouse as well as the marriage suffer from an act of infidelity, an award of damages will neither alleviate emotional distress nor strengthen marital ties." *Id.* The dissent also stated the existence of a civil remedy for damages for adultery against a third party will rarely, if ever, constitute an effective deterrent. *Id.* The Legislature also surveyed other juris-

dictions and determined most other states, approximately thirty-five, had abolished the cause of action for criminal conversation. *Hearings on HB 2153*, 64th Leg., R.S.

The legislative committee recognized the potential use of criminal conversation as a means of blackmail and extracting a settlement in a divorce. *Id.; Felsenthal*, 493 S.W.2d at 732. The Chairman of the Family Law Section of the State Bar of Texas testified at the committee hearing. *Hearings on HB 2153*, 64th Leg., R.S. He stated the Family Law Counsel had proposed a recommendation to repeal the tort for criminal conversation, but the State Bar Board of Directors did not approve the recommendation. *Id.* The Chairman testified the Board of Directors did not agree with the counsel's recommendation because the cause of action was useful as a lever to effectuate and force a property settlement in a divorce case. *Id.* The legislative committee, after hearing this evidence, found that it supported their decision to abolish the cause of action. *Id.*

 Conversely, the litigant's right of redress must also be considered. The Texas Supreme Court recognized the limited value in bringing a criminal conversation cause of action. *Felsenthal*, 493 S.W.2d at 730. This limited value, coupled with the improper use of criminal conversation as blackmail and extortion, outweighs the restriction on the right of redress provided by the open courts provision. Additionally, appellant is not left without any other avenues of relief. In a divorce, the trial court must divide the community estate in a just and right manner, and in doing so, may consider several factors for division of the estate. Tex. Fam.Code Ann. § 7.001 (Vernon 1998); *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex.1981). These factors include fault, benefits the innocent spouse would have

derived from the continuation of the marriage relationship, waste of community assets, and fraud on the community. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex.1998); *Vannerson v. Vannerson*, 857 S.W.2d 659, 668–69 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Additionally, the trial court may divide the community estate unequally in order to reach an equitable division. *Schlueter*, 975 S.W.2d at 588. Appellant may also be able to bring a cause of action for intentional infliction of emotional distress against the offending spouse and against a third party based on interference with the marriage relationship. *Twyman v. Twyman*, 855 S.W.2d 619, 621–22 (Tex.1993) (holding intentional infliction of emotional distress available for tort actions among spouses); *Stites v. Gillum*, 872 S.W.2d 786, 793 (Tex.App.-Fort Worth 1994, writ denied) (recognizing intentional infliction of emotional distress may be available as a viable cause of action by spouse against third party).

We cannot say, after balancing the two competing interests, the litigant's right of redress outweighs the bases and purpose for abolishing the cause of action; rather, we find the purpose and bases outweigh the right of redress. Appellant is unable to rebut the strong presumption of constitutional validity afforded statutes. Accordingly, we hold Texas Family Code § 1.106, abolishing the common law cause of action for criminal conversation, does not violate the open courts provision.

### Alienation of Affection

 The tort of alienation of affection was not recognized in Texas until 1971, even though it also stemmed from the old English common law. *Reagan v. Vaughn*, 804 S.W.2d 463, 475 (Tex.1990). Unlike criminal conversation, however, alienation of affection was not abolished until 1987; thus, the tort survived for approximately

sixteen years. Act of May 25, 1987, 70th Leg., R.S., ch. 453, 1987 Tex. Gen. Laws 2030. Therefore, we find alienation of affection was a well-established common law cause of action. The Legislature's abolition of a cause of action based on alienation of affection restricts a party's right to sue a third party for interference with the marital relationship. Thus, since alienation of affection was a well-established common law cause of action which is now prohibited, appellant has satisfied the first criterion.

We next consider whether Texas Family Code § 1.107 meets the second criterion. The legislative bases and purpose behind the statute is similar to criminal conversation in that it seeks to abolish a cause of action which seldom results in recovery to a harmed spouse, but has the potential to inflict great damage. *Hearings on HB 203 Before the House Comm. on Judiciary,* 70th Leg., R.S. (March 16, 1987). The Committee on the Judiciary heard testimony regarding the use of this statute by vindictive spouses and recognized that, while the cost to defend such a suit is great, the harmed spouse rarely recovers. *Id.* One particular example presented to the committee concerned two women who were sued for alienation of affection by an aggrieved spouse. *Id.* The trial lasted five weeks and the two women were eventually exonerated by the jury, but not before accumulating considerable legal fees and suffering great embarrassment. *Id.* The Legislature also believed alienation of affection was an outdated common law cause of action, which simply did not fit in modern society. *Id.* Additionally, the cause of action for alienation of affection had been abolished in approximately thirty-five other states. *Id.*

In considering the balancing test, we find the legislative purpose and rationale of the statute outweigh a litigant's right of redress. Here, as with criminal conversation, the limited value of bringing such a cause of action cannot overcome the strong constitutional presumption afforded a statute. Furthermore, as noted above, appellant has other avenues for relief, including bringing a cause of action for intentional infliction of emotional distress, and utilizing the concupiscence of the wayward spouse to support an unequal just and right division of the community estate. Accordingly, we find Section 1.107's purpose and bases outweigh the right of a litigant to sue a third party for alienation of affection, and we hold Texas Family Code § 1.107 does not violate the open courts provision.

### CONCLUSION

The Legislature acted within its authority when it abolished the common law causes of action for criminal conversation and alienation of affection. Further, Texas Family Code §§ 1.106 and 1.107 do not violate the open courts provision of the Constitution. Appellant's point of error is overruled.

GUZMAN, J., concurs in the result only.