Affirmed and Opinion filed January 27, 2004









Affirmed and Opinion filed January 27, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00016-CV

____________

 

KATHLYN SMITH, Appellant

 

V.

 

BARBARA TRUSTY SMITH, Appellee

 



 

On Appeal from the 405th
District Court

Galveston County, Texas

Trial Court Cause No. 01CV0598

 



 

O P I N I O N

Appellant challenges the trial court=s judgment upholding the
constitutionality of two Family Code provisions abolishing the common law
causes of action for criminal conversation and alienation of affection.  We affirm. 


Background








Kathlyn Smith, appellant, filed a
lawsuit against Barbara Trusty Smith, appellee,
alleging various tort theories based on an affair between appellant=s husband and appellee.  Appellant=s original petition also
contained a petition for declaratory relief alleging the Legislature acted
outside its authority by abolishing the common law causes of action for
criminal conversation and alienation of affection.  See Tex.
Fam. Code
Ann. '' 1.106 & 1.107 (Vernon 1998).  After appellant non-suited her tort claims
against appellee, and the trial court entered a final
judgment declaring the statutes constitutional, this appeal ensued. 

Discussion

Appellant challenges the constitutionality of Texas Family
Code '' 1.106 and 1.107.  Section 1.106 provides: AA right of action by one spouse
against a third party for criminal conversation is not authorized in this
state.@  Tex. Fam. Code Ann. ' 1.106.  Section 1.107 provides: AA right of action by one spouse
against a third party for alienation of affection is not authorized in this
state.@  Tex. Fam. Code Ann. ' 1.107.  Appellant argues the Legislature=s abolition violates the open
courts provision of the Texas Constitution because it acted in an unreasonable
and arbitrary manner in abolishing two well-established common law causes of
action, and failed to provide an adequate remedy to protect marriages from
interference by strangers.  

I.








We begin our review of a constitutional challenge to a
statute with a strong presumption the statute is valid.  Sax v. Votteler,
648 S.W.2d 661, 664 (Tex. 1983); Andress v.
MacGregor Med. Ass=n, P.A., 5 S.W.3d 855, 858 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  We presume the Legislature did
not act unreasonably or arbitrarily; thus, Aa mere difference of opinion,
where reasonable minds could differ, is not a sufficient basis for striking
down legislation as arbitrary or unreasonable. 
The wisdom or expediency of the law is the Legislature=s prerogative, not ours.@  Smith v. Davis, 426 S.W.2d 827, 831
(Tex. 1968); see also Enron Corp. v. Spring Indep.
Sch.
Dist., 922 S.W.2d 931, 934 (Tex. 1996);
Sax, 648 S.W.2d at 664.  The Texas Code Construction Act also guides
our analysis by providing that in enacting a statute, it is presumed the
Legislature intended: (1) the statute to satisfy state and federal
constitutions; (2) a just and reasonable result; (3) the result to be feasible
of execution; and (4) to favor public interest over private interest.  Tex.
Gov=t Code
Ann. ' 311.021 (Vernon  1998). 
The burden of demonstrating constitutional invalidity rests on the party
assailing the statute.  Enron Corp.,
922 S.W.2d at 934; In re Hinterlong, 109
S.W.3d 611, 626 (Tex. App.CFort Worth 2003, no pet.).   

We extend a strong presumption the Legislature understands
and appreciates the needs of the people, and its discriminations are based on
adequate grounds.  Enron, 922
S.W.2d at 934; Williams v. Razor Enters., Inc.,
70 S.W.3d 274, 275B76 (Tex. App.CSan Antonio 2002, no
pet.).  AIndividual hardship is thus to
be weighed by the courts against the public advantages of a measure in
determining whether the statute is a valid exercise of the police power.@  State v. City of Austin,
331 S.W.2d 737, 743 (Tex. 1960). 
The Legislature may create new rights and has the power to repeal,
change, modify, or abolish the common law as it sees fit. McDonald v. Sabayrac Battery Assoc., Inc.,  620
S.W.2d 850, 852 (Tex. Civ. App.CHouston [14th Dist.] 1981, no
writ); McCulloch v. Fox & Jacobs, Inc., 696 S.W.2d 918, 924 (Tex.
App.CDallas 1985, writ ref=d, n.r.e.);
State v. City of Dallas, 319 S.W.2d 767, 774 (Tex. Civ.
App.CAustin 1959), aff=d, State v. City of Austin,
331 S.W.2d 737 (Tex. 1960). ANo one has any vested or
property interest in the rules of the common law; and therefore no one is
deprived of a constitutional right by their change through Legislative
enactment.@  McDonald, 620 S.W.2d at 852 (quoting
Middleton v. Texas Power & Light Co., 185 S.W. 556, 561 (Tex. 1916), aff=d, 249 U.S. 152, 39 S. Ct. 227
(1919)).  Further, the Legislature is
charged with the responsibility and given the authority to formulate the public
policy of the State.  See Texas
Natural Resource Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 854 (Tex.
2002); In re L.L., 65 S.W.3d 194, 196 (Tex. App.CAmarillo 2001, no pet.) (AIt is not the duty of the
courts to judge the wisdom of the policy choice of the Legislature or to impose
a different policy.@); Motorola, Inc. v. Tarrant
County Appraisal Dist., 980 S.W.2d 899, 902 (Tex. App.CFort Worth 1998, no pet.).  If the Legislature was not given the ability
to change laws, the result would be a Astagnation of the law in the face
of changing societal conditions.@  McCulloch, 696
S.W.2d at 924.  








II.

The open courts provision of the Texas Constitution
provides: AAll courts shall be open, and
every person for an injury done to him, in his lands, goods, person or
reputation, shall have remedy by due course of law.@  Tex. Const. art. I, ' 13.  A plaintiff establishes an open courts
violation if the right to bring a well-established common law cause of action
is abrogated by the Legislature without a showing that the legislative basis
for the statute outweighs the denial of the right of redress.  Sax, 648 S.W.2d at 665B66; West v. Moore, 116
S.W.3d 101, 106 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  AA statute
or ordinance that unreasonably abridges a justiciable
right to obtain redress for injuries caused by the wrongful acts of another
amounts to a denial of due process.@  Sax, 648 S.W.2d at
665.  Thus, a plaintiff must
satisfy two criteria: first, a well-established common law cause of action must
be restricted; and second, the restriction must be unreasonable or arbitrary
when balanced against the purpose and basis of the statute.  Sax, 648 S.W.2d at
666; West, 116 S.W.3d at 106. 
In making this latter determination, we consider both the general
purpose of the statute and the extent to which the litigant=s right of redress is
affected.  Sax, 648
S.W.2d at 666. 

Criminal Conversation








We must first determine whether a well-established common
law cause of action is being restricted. 
Criminal conversation was adopted as part of the common law in Texas
through article I of the Texas statutes. 
Felsenthal v. McMillan, 493 S.W.2d 729, 729 (Tex. 1973) (5-4
decision).  While the tort of
criminal conversation was not recognized in Texas until Felsenthal
in 1973, the Texas Supreme Court acknowledged its old English common law
heritage.  Id.
at 729B30.  In 1975, as a direct response to Felsenthal, the Legislature abolished the cause of
action of criminal conversation; thus, criminal conversation was recognized as
a common law cause of action in Texas for less than two years.  Act of May 30, 1975, 64th Leg., R.S., ch. 637, 1975 Tex. Gen. Laws 1942 (amended 1979) (current
version at  Tex. Fam. Code Ann. ' 1.106 (Vernon1998)).  We cannot say its limited life span in Texas
elevates it to a well-established common law cause of action.  Accordingly, we find appellant has not
satisfied the first criterion of an open courts violation with respect to
criminal conversation. 

Appellant also cannot satisfy the second criterion because
the legislative purpose and basis of the statute abolishing the cause of action
for criminal conversation outweigh a litigant=s right of redress.  By abolishing criminal conversation, the
Legislature acted in direct response to the Texas Supreme Court=s 5-4 decision in Felsenthal.  House Comm. on Judiciary, Bill Analysis,
Tex. H.B. 2153, 64th Leg., R.S. (1975); Hearings on HB 2153 Before the House Comm. on Judiciary, 64th Leg., R.S.
(Apr. 22, 1975).  The Felsenthal
majority anticipated a legislative response to the opinion, noting: AIt is an unsavory picture.  Such a suit is not a pleasant one in any
context.  Perhaps that is why we so
seldom see a suit of this nature and perhaps the aggrieved spouse should not
expect to recover anything but nominal damages in the case where the besmirched
spouse has participated willingly. . . . If the Legislature, which is now in
session, desires to act in the matter, that, of course, is its prerogative.@  Felsenthal, 493 S.W.2d at 730.

In determining whether to recommend abolishment, the
Legislature considered the dissent, which recognized a spouse could sue a third
party, even if the offending spouse misled the third party by consenting or
holding oneself out as unmarried.  Id. at 731.  Also, the tort of criminal conversation would
allow a suit against a third party, even though the spouses were
separated.  Id.  The dissent stated: AIn my opinion the cause of
action just described has no place in our legal system.  While the innocent spouse
as well as the marriage suffer from an act of infidelity, an award of
damages will neither alleviate emotional distress nor strengthen marital ties.@  Id. 
The dissent also stated the existence of a civil remedy for damages for
adultery against a third party will rarely, if ever, constitute an effective
deterrent.  Id.  The Legislature also surveyed other
jurisdictions and determined most other states, approximately thirty-five, had
abolished the cause of action for criminal conversation.  Hearings on HB 2153,
64th Leg., R.S.   








The legislative committee recognized the potential use of
criminal conversation as a means of blackmail and extracting a settlement in a
divorce.  Id.; Felsenthal,
493 S.W.2d at 732. 
The Chairman of the Family Law Section of the State Bar of Texas
testified at the committee hearing.  Hearings on HB 2153, 64th Leg., R.S.  He stated the Family Law Counsel had proposed
a recommendation to repeal the tort for criminal conversation, but the State
Bar Board of Directors did not approve the recommendation.  Id. 
The Chairman testified the Board of Directors did not agree with the
counsel=s recommendation because the
cause of action was useful as a lever to effectuate and force a property
settlement in a divorce case.  Id.  The legislative committee, after hearing this
evidence, found that it supported their decision to abolish the cause of
action.  Id.








Conversely, the litigant=s right of redress must also be
considered.  The Texas Supreme Court
recognized the limited value in bringing a criminal conversation cause of
action.  Felsenthal,
493 S.W.2d at 730. 
This limited value, coupled with the improper use of criminal
conversation as blackmail and extortion, outweighs the restriction on the right
of redress provided by the open courts provision.  Additionally, appellant is not left without
any other avenues of relief.  In a
divorce, the trial court must divide the community estate in a just and right
manner, and in doing so, may consider several factors for division of the
estate.  Tex. Fam. Code Ann. ' 7.001 (Vernon 1998); Murff
v. Murff, 615 S.W.2d 696, 698B99 (Tex. 1981).  These factors include fault, benefits the
innocent spouse would have derived from the continuation of the marriage
relationship, waste of community assets, and fraud on the community.  Schlueter
v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); Vannerson v. Vannerson,
857 S.W.2d 659, 668B69 (Tex. App.CHouston [1st Dist.] 1993, writ
denied).    Additionally, the trial court
may divide the community estate unequally in order to reach an equitable
division.  Schlueter,
975 S.W.2d at 588. 
Appellant may also be able to bring a cause of action for intentional
infliction of emotional distress against the offending spouse and against a
third party based on interference with the marriage relationship.  Twyman v.
Twyman, 855 S.W.2d 619, 621B22 (Tex. 1993) (holding
intentional infliction of emotional distress available for tort actions among
spouses); Stites v. Gillum,
872 S.W.2d 786, 793 (Tex. App.CFort Worth 1994, writ denied)
(recognizing intentional infliction of emotional distress may be available as a
viable cause of action by spouse against third party).  

We cannot say, after balancing the two competing interests,
the litigant=s right of redress outweighs
the bases and purpose for abolishing the cause of action; rather, we find the
purpose and bases outweigh the right of redress.  Appellant is unable to rebut the strong
presumption of constitutional validity afforded statutes.  Accordingly, we hold Texas Family Code ' 1.106, abolishing the common
law cause of action for criminal conversation, does not violate the open courts
provision.  

Alienation of Affection 

The tort of alienation of affection was not recognized in
Texas until 1971, even though it also stemmed from the old English common
law.  Reagan v.
Vaughn, 804 S.W.2d 463, 475 (Tex. 1990).  Unlike criminal conversation, however,
alienation of affection was not abolished until 1987; thus, the tort survived
for approximately sixteen years.  Act of
May 25, 1987, 70th Leg., R.S., ch. 453, 1987 Tex.
Gen. Laws 2030.  Therefore, we find
alienation of affection was a well-established common law cause of action.  The Legislature=s abolition of a cause of
action based on alienation of affection restricts a party=s right to sue a third party
for interference with the marital relationship. 
Thus, since alienation of affection was a well-established common law
cause of action which is now prohibited, appellant has satisfied the first
criterion.  








We next consider whether Texas Family Code ' 1.107 meets the second
criterion.  The legislative bases and
purpose behind the statute is similar to criminal conversation in that it seeks
to abolish a cause of action which seldom results in recovery to a harmed spouse,
but has the potential to inflict great damage. 
Hearings on HB 203 Before the House Comm. on
Judiciary, 70th Leg., R.S. (March 16, 1987).  The Committee on the Judiciary heard
testimony regarding the use of this statute by vindictive spouses and recognized
that, while the cost to defend such a suit is great, the harmed spouse rarely
recovers.  Id.  One particular example presented to the
committee concerned two women who were sued for alienation of affection by an
aggrieved spouse.  Id.  The trial lasted five weeks and the two women
were eventually exonerated by the jury, but not before accumulating
considerable legal fees and suffering great embarrassment.  Id. 
The Legislature also believed alienation of affection was an outdated
common law cause of action, which simply did not fit in modern society.  Id. 
Additionally, the cause of action for alienation of affection had been
abolished in approximately thirty-five other states.  Id. 

In considering the balancing test, we find the legislative
purpose and rationale of the statute outweigh a litigant=s right of redress.  Here, as with criminal conversation, the
limited value of bringing such a cause of action cannot overcome the strong
constitutional presumption afforded a statute. 
Furthermore, as noted above, appellant has other avenues for relief,
including bringing a cause of action for intentional infliction of emotional
distress, and utilizing the concupiscence of the wayward spouse to support an
unequal just and right division of the community estate.  Accordingly, we find Section 1.107's purpose
and bases outweigh the right of a litigant to sue a third party for alienation
of affection, and we hold Texas Family Code ' 1.107 does not violate the
open courts provision.

Conclusion

The Legislature acted within its authority when it abolished
the common law causes of action for criminal conversation and alienation of
affection.  Further, Texas Family Code '' 1.106 and 1.107 do not violate
the open courts provision of the Constitution. 
Appellant=s point of error is
overruled.  

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Opinion filed January 27, 2004. 
(Guzman, J., concurs in the result only).

Panel consists of Chief Justice
Hedges and Justices Anderson and Guzman.